**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)
  mtrauben@singhtraubenlaw.com
**THOMAS K. RICHARDS** (SBN: 310209)
  trichards@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

*Attorneys for Plaintiff/Counter-Defendant*
RANCHO HUMILDE ENTERTAINMENT, LLC *and*
*Third-Party Defendant* HUMBLE TALENT AGENCY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. <br><br> _____ | Case No.: **2:25-cv-10059 HDV (AJRx)** <br><br> The Honorable Hernán D. Vera <br> Courtroom 5B <br><br> **DECLARATION OF JAIME ALEJANDRE IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT RANCHO HUMILDE ENTERTAINMENT, LLC'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER FOR PRELIMINARY INJUNCTION [ECF 36]** <br><br> ACTION REMOVED: October 20, 2025 <br> TRIAL DATE: None Set |

| | |
|---|---|
| FUERZA REGIDA CORP., a California corporation, | ) ) ) |
| Cross-Complainant, | ) ) ) |
| v. | ) ) ) |
| RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, CINQ MUSIC GROUP, LLC, a California limited liability company, HUMBLE TALENT AGENCY, LLC, a California limited liability company, and ROES 1 through 10 inclusive, | ) ) ) ) ) ) ) ) ) ) |
| Cross-Defendants. | ) ) |
| _____ | ) |

I, Jaime Alejandre, declare as follows:

1. I am the co-founder of Rancho Humilde Entertainment, LLC ("**Rancho**"). Unless otherwise noted, I have personal knowledge of the following facts and, if called and sworn as a witness, I could and would competently testify thereto under oath.

2. I have worked in the music industry for more than a decade and have been actively involved in artist development, recording, production, marketing, and distribution of musical releases. Through my work with Rancho and industry partners, I have extensive experience with recording agreements, distribution arrangements, artist collaborations, and the commercial exploitation of musical recordings.

3. Rancho is an independent record label and music company specializing in regional Mexican music and related genres. Rancho has invested substantial time, resources, and capital into developing artists, recordings, and business relationships, one of which is the subject of this litigation.

4.	Specifically, Rancho and Fuerza Regida Corp. ("**FRC**"), which furnishes the exclusive recording services of defendants Jesus Ortiz Paz ("**Paz**"), Samuel Jaimez ("**Jaimez**"), Khrystian Ramos ("**Ramos**"), and Jose Garcia ("**Garcia**"), collectively professionally known as "Fuerza Regida" (FRC and Fuerza Regida are collectively referred to as "**Defendants**"), have entered into a series of written agreements governing the recording services of Fuerza Regida.

5.	First, on or about February 2, 2018, Rancho (and its affiliate Lumbre Music) entered into an initial exclusive recording agreement with Fuerza Regida (the "**2018 Agreement**") pursuant to which Fuerza Regida agreed to provide exclusive recording services to Rancho/Lumbre Music. [ECF 22 at ¶11; ECF 22-1].

6.	On or about December 30, 2021, Defendant FRC (furnishing Fuerza Regida's services) and Rancho entered into an exclusive recording and participation agreement (the "**2021 Agreement**"), which superseded any prior agreements between the parties with respect to the subject matter of the 2021 Agreement. [ECF 22 at ¶13; ECF 22-2].

7.	On or about August 12, 2022, FRC and RHE entered into a first amendment to the 2021 Agreement (the "**2022 Amendment**"), which extended the Term to at least five (5) years and eight (8) months from December 30, 2021 (through at least August 2027), and increased the Delivery Commitment to six Studio Albums and one Live Product, with an "Exclusivity Period" prohibiting releases through third parties for at least six months post-Term. [ECF 22 at ¶18; ECF 22-3].

8.	The 2022 Amendment was executed in connection with a global distribution agreement dated August 10, 2022 between Rancho, Defendant FRC, and Sony Music Entertainment US Latin ("**Sony**") (the "**Sony Distribution Agreement**"), which appointed Sony as the exclusive global distributor of the Recordings. The provisions of the Sony Distribution Agreement are incorporated into the 2021 Agreement (as amended) by reference.

9. Under those agreements, Rancho possesses certain exclusivity and approval rights with respect to recordings, featured appearances, and related commercial exploitations involving Fuerza Regida. Those approval rights were negotiated as part of the overall economic structure governing the parties' relationship, including revenue participation and distribution arrangements.

10. Notably, the 2018 Agreement was expressly terminated by the parties' 2022 Agreement. In its place, the parties entered into an entirely new Exclusive Recording and Participation Agreement dated December 30, 2021, supported by new and substantial consideration, including the incorporation of the Sony Distribution Agreement. The scope and enforceability of that 2021 Agreement (as amended in 2022) are central disputed issues in this litigation and cannot be resolved on an *ex parte* basis.

11. Among the issues in dispute in this litigation is FRC's release and participation in numerous third-party recordings and collaborations without Rancho's prior approval in direct violation of the operative agreements, including approximately thirty (30) such tracks identified in Rancho's First Amended Complaint [ECF 22 at ¶¶ 23-24]. Those issues directly relate to the parties' contractual approval and exclusivity provisions that are currently before the Court.

12. In late February 2026, representatives of FRC sought Rancho's approval for certain featured appearances and related releases involving third parties, including opportunities connected with Major League Baseball and the FIFA World Cup. Consistent with Rancho's contractual approval rights under Section 4.12 of the Sony Distribution Agreement, Rancho declined to grant approval for those proposed features at this time. This decision was made to preserve the status quo and Rancho's disputed contractual rights while this litigation is pending, not to harm Defendants or to force a settlement. Rancho has never demanded that Defendants settle this litigation in exchange for approvals, and Rancho has not conditioned approvals on any settlement terms.

13. Featured collaborations and guest appearances are common in the music industry and artists frequently participate in collaborations with other performers and producers over the course of their careers. In my experience in the music industry, artists at the level of Fuerza Regida routinely receive collaboration opportunities from multiple artists, producers, brands, and promotional partners each year, and the three pending opportunities Defendants reference are not unique or time-sensitive in a way that remotely causes irreparable harm. These types of collaborations are commonplace for artists at Fuerza Regida's level, and similar opportunities routinely arise. Meanwhile, as detailed in Rancho's First Amended Complaint, Defendants have already released approximately thirty (30) third-party collaborations without Rancho's required approval. [ECF 22 at ¶¶ 23-24]. Those unauthorized releases demonstrate that the approval rights are being selectively requested only when convenient for Defendants.

14. Collaborations involving major brands, sports organizations, and other artists occur frequently and are not limited to a single event or release window. Opportunities for collaborations of this type routinely arise for successful artists over time.

15. Nothing about the opportunities described in Defendants' filings would permanently prevent Defendants from collaborating with other artists, producers, or brands in the future.

16. Rancho also has legitimate business interests in ensuring that releases involving Fuerza Regida are coordinated with existing contractual structures, distribution arrangements, and marketing strategies. These considerations include protecting the value of recordings, maintaining the integrity of release strategies, and preserving contractual relationships with distribution partners.

17. If the Court were to grant Defendants' requested mandatory injunction and force Rancho to relinquish its approval rights while this litigation is pending, Rancho would suffer immediate and irreparable harm. Rancho would be compelled to allow the commercial exploitation of Fuerza Regida recordings on terms that directly contradict the

parties' negotiated economic structure (including revenue participation, marketing coordination, and Sony distribution obligations). This would undermine the value of Rancho's catalog, disrupt existing release strategies, and prejudice Rancho's position in this action before the merits can be adjudicated. The balance of equities and public interest strongly favor preserving the status quo and not, as Defendants argue, to force Rancho to surrender contractual protections before those issues are adjudicated.

18. Rancho has acted consistently with its understanding of its contractual rights and obligations and has attempted to preserve those rights pending resolution of the disputes currently before this Court.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 3rd day of March 2026 at Milan, Italy.

DocuSigned by:

Jaime Alejandre