UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10059-HDV-AJR | Date | March 4, 2026 |
| Title | *Rancho Humilde Entertainment, LLC et al v. Fuerza Regida Corp. et al* | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [36]**

The case is a dispute between a band, Fuerza Regida ("Fuerza"), and their record label, Rancho Humilde Entertainment ("Rancho"). Rancho initially brought this suit in September 2025. Notice of Removal [Dkt. 1] at 6.[1] The operative complaint alleges that Fuerza engaged in unauthorized side performances for third parties, including by being a featured artist on songs by other artists distributed by other labels, without approval from and compensation to Rancho, as required by the parties' contractual arrangements. First Amended Complaint ("FAC") [Dkt. 22] ¶¶ 1, 23–24. Fuerza answered and counterclaimed. *See* [Dkts. 1, 25, 35].

On March 2, 2026, Fuerza filed Defendants' Amended Answer to First Amended Complaint, Amended Affirmative Defenses, and Fuerza Regida Corp.'s Amended Counterclaims. ("Newest Answer and Counterclaims") [Dkt. 35]. This document alleges that Rancho and some of its affiliates breached the relevant agreements (and infringed copyrights) by denying Fuerza the reversion of certain master recordings, failing to make required royalty payments, and violating a "Key Man" provision. *Id.* at 12, 14, 16–21, 27–28, 32–35. It also avers that the exclusive recording agreement (and subsequent amendments and extensions of it) no longer binds since it was entered more than seven years ago, citing Cal. Labor Code § 2855; and that Rancho is attempting to interfere with Fuerza's business and lucrative projects. *Id.* at 7–8, 13, 15, 24–26, 28–31.

---

[1] Rancho initially filed its lawsuit in state court; the case was removed to this Court on October 20, 2025. Notice of Removal.

That same day, Fuerza also filed an *Ex Parte* Application for a Temporary Restraining Order and Order for Preliminary Injunction. ("TRO Application") [Dkt. 36]. By the TRO Application, Fuerza seeks an order directing that Rancho

> refrain from exercising any rights under the parties' agreement, including blocking [Fuerza] from entering into lucrative and important agreements with Major League Baseball (concerning the upcoming World Baseball Classic) which [Fuerza is] about to lose, as well as an upcoming agreement with FIFA (concerning the World Cup) which is lucrative and important as well, and which opportunity will be lost without immediate relief.

TRO Application at 3. Fuerza alleges two legal bases for such an order: (a) the exclusive recording agreement is over as it has been more than seven years, and (b) the implied covenant of good faith and fair dealing. *Id.* at 7, 13–14. Fuerza identifies irreparable harm "in the form of: (1) loss of career momentum in the time-sensitive music industry where relevance depends on continuous public engagement; (2) damage to brand positioning and market relevance during peak commercial viability; and (3) lost collaborative opportunities with major brands and artists (including MLB, FIFA, and producer 'Tainy') that cannot be recreated or compensated through monetary damages." *Id.* at 20–21 (citations omitted).

A temporary restraining order, as a form of preliminary injunctive relief, is an "extraordinary and drastic remedy," and Plaintiff must make a "clear showing" that it is entitled to such a remedy. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). The propriety of this remedy hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). In general, the showing required for a temporary restraining order and a preliminary injunction is the same: Plaintiff must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm absent preliminary injunctive relief, (3) the balance of equities tips in its favor, and (4) preliminary injunctive relief is in the public interest. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024).

A *mandatory* injunction—which commands an affirmative act—"goes well beyond simply maintaining the status quo . . . and is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted). A plaintiff seeking mandatory preliminary injunctive relief faces a "doubly demanding" burden. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Such injunctions "should not issue in 'doubtful cases.'" *Id.* (citation omitted).

Applying these standards, the Court finds that Fuerza is not entitled to a temporary restraining order here. It appears that Fuerza effectively seeks an order requiring Rancho to affirmatively consent to its planned collaborations with the MLB and FIFA. The language in the TRO Application and proposed order is phrased as enjoining Rancho from "exercising, asserting, or enforcing any rights or remedies under the parties' Agreement, including but not limited to

any right to block, interfere with, prevent, or condition" Fuerza's entry into agreements with MLB and FIFA or "impede or interfere with" the negotiation, execution, or performance of such agreements.  Proposed Order [Dkt. 36-11] at 3.  It seems, however, that Fuerza effectively seeks Rancho's affirmative consent and approval of these features.  *See* [Dkt. 36-3]; Opposition to TRO Application ("Opposition") [Dkt. 37] at 1–2, 4–6.  It is not entirely clear why Fuerza could not simply proceed with the MLB and FIFA features without Rancho's consent, as it has with other features, with any dispute between the parties about the permissibility of such action under the relevant agreements simply added to the existing disputes between them regarding other features.  To the extent that Fuerza asks this Court to compel Rancho to provide its consent and approval for these features, it seeks a mandatory injunction, and so must meet a high burden.

Rancho has not met that higher burden.  First, there is a question about whether its claim regarding Cal. Labor Code § 2855—one of the two bases for its requested TRO—is properly before this Court.[2]

More importantly, it appears that any emergency is of Fuerza's own making.  *See* Opposition at 12.  Fuerza claims that the MLB music release is scheduled for today, March 4; its leader is scheduled to throw out the first ball at a baseball game on March 9; and the FIFA music release is scheduled for March 26.  TRO Application at 6, 11.  Presumably, these opportunities did not materialize yesterday.  Instead, Fuerza has likely been in talks with MLB and FIFA about them for some time.  This lawsuit, in which Rancho alleges that Fuerza impermissibly participated in third-party features without its prior approval, has been pending since September.  Fuerza knew that Rancho asserted authority to approve or disapprove of certain third-party arrangements, and elected to negotiate these without securing that approval.

---

[2] This claim was asserted for the first time in Fuerza's Newest Answer and Counterclaims. [Dkt. 35] at 7–8, 15, 26, 28–30.  Fuerza asserts that this amended pleading was permissible under Rule 15(a)(1)(B), which permits a party to amend a pleading once as a matter of course (without consent from the opposing party or leave of court) within 21 days after service of a responsive pleading.  Opposition, Ex. C; Fed. R. Civ. P. 15(a)(1)(B).  But this is too facile.  To the extent that Fuerza's Newest Answer and Counterclaims is an amended *answer*, an answer does not generally require a responsive pleading (and indeed, Rancho did not file a responsive pleading to Fuerza's previous answer).  *See* Fed. R. Civ. P. 7(a)(7) (a reply to an answer is only allowed "if the court orders one").  So Fuerza cannot amend its answer as of right pursuant to Rule 15(a)(1)(B).  To the extent that Fuerza's Newest Answer and Counterclaims is an amended *counterclaim*, it is not Fuerza's first amendment as of right.  Fuerza first filed a cross-complaint in state court on October 8, 2025.  Notice of Removal at 3, 79.  It then filed a first amended cross-complaint, again in state court, on October 13, 2025.  Notice of Removal at 4, 248.  The state court docket, of which this Court can take judicial notice, does not reflect Rancho's consent to or leave of court for this amendment, suggesting it was as of right.  Fuerza then filed another amended counterclaim in federal court on January 16, 2026, [Dkt. 25], pursuant to a stipulation between the parties approved by the Court, [Dkts. 23–24].  The Newest Answer and Counterclaims is thus Fuerza's third overall amended counterclaim, and the second amendment without consent or leave of court, and thus not permissible under Rule 15(a)(1)(B).  Fuerza has not sought leave to file this document and the Court *sua sponte* **strikes** it.

      Fuerza has thus not established (1) that it is likely to succeed on the merits, (2) that it is likely to suffer imminent, irreparable harm, or (3) that the balance of equities tips in its favor.  It is therefore not entitled to the "extraordinary and drastic remedy," of a mandatory temporary restraining order.  *Mazurek*, 520 U.S. at 972; *Marlyn Nutraceuticals*, 571 F.3d at 879.  The TRO Application is accordingly denied without prejudice.  Fuerza is free to file a regularly-noticed motion for a preliminary injunction, if it believes it is warranted.

**IT IS SO ORDERED.**