Kenneth D. Freundlich (SBN: 119806)
Jonah Grossbardt (SBN: 283584)
Hugh Rosenberg (SBN: 360544)
FREUNDLICH LAW, APC
16133 Ventura Blvd. Ste. 645
Encino, CA 91436
P: 818.377-3790
F: 310.275-5351
E-Mail:  ken@freundlichlaw.com

Walter Mosley, Esq. (SBN 244169)
wm@waltermosleyesq.com
WALTER MOSLEY LAW
601 S. Figueroa St., Ste. #4400
Los Angeles, California 90017
Telephone: (213) 232 – 3886

*Attorneys for Defendants and Counterclaimants FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS and JOSE GARCIA*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual, and DOES 1 through 10, inclusive, <br> Defendants, <br><br> Defendant. <br><br> FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ | Case No.: **2:25-cv-10059 HDV (AJRx)** <br> The Honorable Hernán D. Vera <br> Courtroom 5B <br><br> **FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> **[REQUEST FOR JUDICIAL NOTICE AND EXHIBITS FILED CONCURRENTLY HEREWITH]** <br> **Hearing Date:** June 4, 2026 <br> **Hearing Time:** 10:00 a.m. <br> **Location:** Courtroom 5B **Hon. Hernán D. Vera** |

1

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual,

Counterclaimants,

RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, CINQ MUSIC GROUP, LLC, a California limited liability company, and HUMBLE TALENT AGENCY, LLC, a California limited liability company,

Counterclaim Defendants.

2                                    Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .......................................................................................7

II.     LEGAL STANDARD ...............................................................................9

III.    THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER § 2855 STATES A CLAIM .......................................9

    A.   The Second Cause of Action Is Not Duplicative of the Fourth Affirmative Defense .....................................................................9

    B.   The Clock Runs From Commencement of Service, Not From the Date of Any Particular Document ......................................10

    C.   *De La Hoya* Persuasively Articulates the  § 2855 Standard Which Supports FRC's Counterclaim .............................................11

    D.   The Legislative History of § 2855 Confirms the Freedom Standard ...............................................................................................13

        1.   The two concessions the industry sought. ..............................13

        2.   The existing-law backdrop. ......................................................13

        3.   <u>The Legislature granted one concession and declined the other.</u> ..............................................................................14

    E.   *Manchester* Does Not Displace the Legislative Record, and Even Under *Manchester* the Claim Survives a Rule 12(b)(6) Motion ...............................................................................16

    F.   FRC Had No Moment of Freedom; Dollars Cannot Do The Work That Liberty Must Do .......................................................19

    G.   Section 2855(b) Confirms That Continued Enforcement is Not an Available Remedy.................................................................20

    H.   The § 1542 Waiver Does Not and Cannot Extinguish FRC's § 2855 Rights..............................................................................21

IV.     THE THIRD CAUSE OF ACTION STATES A CLAIM UNDER CALIFORNIA LAW ............................................................................22

    A.   The Underlying Conduct States a Claim Regardless of Label .........................................................................................22

    B.   The Constitutional Foundation of § 2855 Independently Supports a Remedy ........................................................................23

    C.   The Duplicativeness Argument Fails Because the Third Cause of Action Reaches Conduct the Other Claims Do Not ....................................................................................................23

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

D.    In the Alternative, Leave to Amend Should Be Granted....................24

V.    THE EIGHTH CAUSE OF ACTION UNDER § 17200 STATES A CLAIM ....................................................................................................25

A.    The "Unfair" Prong Is Independent and Survives...............................25

B.    Linear Tech Does Not Foreclose FRC's Claim...................................25

C.    The *Sonner* Adequate Remedy Argument Fails Because Injunctive Relief Is Not Duplicated ....................................................26

VI.   THE ELEVENTH AND TWELFTH CAUSES OF ACTION FOR CONSTRUCTIVE TRUST STATE A CLAIM AS TO THE REVERTED MASTERS ...................................................................................26

A.    The Reverted Masters Are a Specifically Identified, Traceable Res............................................................................................27

B.    This Is Equity's Textbook Application, Not a Money Damages Workaround ..................................................................................27

C.    The Federal Pleading Standard Does Not Require Perfect Separation of Remedy and Claim .......................................................28

VII.  THE THIRTEENTH AND FOURTEENTH CAUSES OF ACTION SHOULD BE PRESERVED IN THE ALTERNATIVE...............29

VIII. LEAVE TO AMEND SHOULD BE FREELY GRANTED .......................29

IX.   CONCLUSION ................................................................................................30

CERTIFICATE OF COMPLIANCE ...................................................................32

4

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Argonaut Insurance Co. v. St. Francis Medical Center,*
  17 F.4th 1276 (9th Cir. 2021) ...................................................................................10

*Armendariz v. Foundation Health Psychcare Servs., Inc.,*
  24 Cal. 4th 83 (2000) ..............................................................................................22

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................................................9

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007).................................................................................................9

*Cel-Tech Communications, Inc. v. L.A. Cellular Telephone Co.,*
  20 Cal. 4th 163 (1999) ............................................................................................25

*Communist Party v. 522 Valencia, Inc.,*
  35 Cal. App. 4th 980 (1995) ...................................................................................27

*De Havilland v. Warner Bros. Pictures,*
  67 Cal. App. 2d 225 (1944) .............................................................................*passim*

*De La Hoya v. Top Rank, Inc.,*
  2001 WL 34624886 (C.D. Cal. Feb. 6, 2001) ...............................................*passim*

*Johnson v. City of Shelby,*
  574 U.S. 10 (2014)......................................................................................22, 24, 28

*Khoja v. Orexigen Therapeutics, Inc.,*
  899 F.3d 988 (9th Cir. 2018) ...............................................................................9, 19

*Linear Technology Corp. v. Applied Materials, Inc.,*
  152 Cal. App. 4th 115 (2007) ................................................................................25

*Manchester v. Arista Records, Inc.,*
  No. CV 81-2134-RJK, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 16,
  1981) .............................................................................................................16, 17, 18

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*Motown Record Corp. v. Brockett¸*160
    Cal. App. 3d 123 (1984) ....................................................................................13, 14

*People v. Soto*,
    51 Cal. 4th 229 (2011) ..............................................................................................16

*Rich v. State Board of Optometry*,
    235 Cal. App. 2d 591 [1965] .....................................................................................16

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .....................................................................................26

*Twentieth Century Fox Film Corp. v. Netflix, Inc.*
    No. SC126423 (L.A. Super. Ct. June 5, 2019) .........................................................16

**Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................8, 25, 26

Cal. Civ. Code § 1542....................................................................................................21, 22

Cal. Civ. Code §§ 2223–2224 .......................................................................................27

Cal. Lab. Code § 2855 ..........................................................................................*passim*

Cal. Pen Code §288(b)....................................................................................................16

**Other Authorities**

California Constitution Article I, Section 6 ...................................................................21, 23

Fed. R.Civ.P. 8(d)(2)......................................................................................................9, 24, 29

Fed. R.Civ.P. 15(a)(2)....................................................................................................30

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# I.    INTRODUCTION

California Labor Code §2855 prohibits any employer from binding an employee to personal service for more than seven years. The rule is non-waivable, rooted in California's constitutional prohibition on involuntary servitude, and has been the law for over 150 years.

Rancho Humilde's ("Rancho") Motion to Dismiss (the "Motion") seeks to dismiss Fuerza Regida Corp.'s ("FRC"'s) most powerful counterclaim, the §2855 declaratory relief claim, on the theory that the duration of successive recording contracts can be stacked infinitely so long as each is structured as a new agreement. The legislative history of the 1987 amendment to § 2855 confirms that the Legislature considered and rejected that exact construction.

The chronology is fixed and admitted in Rancho's Second Amended Complaint (the "SAC"), in Rancho's Motion, and on the face of the contracts Rancho attached to its Motion. The relationship began with a February 2, 2018, Exclusive Recording Agreement (SAC ¶ 11), followed on December 30, 2021 by an agreement extending the term (SAC ¶ 13), then on January 1, 2022 by a settlement nominally terminating the first agreement (SAC ¶ 14), then by a further extension dated August 12, 2022 (SAC ¶ 19).

FRC's counterclaim acknowledges these agreements. FRC signed them because it had no choice. The old contract was in force. FRC could not negotiate with anyone else. FRC could not test its market value. FRC was not free. And under *De Havilland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225 (1944), and *De La Hoya v. Top Rank, Inc.*, 2001 WL 34624886 (C.D. Cal. Feb. 6, 2001), that ends the inquiry.

There is also this: when the recorded music industry lobbied the Legislature in the 1980s about the §2855 problem, the Legislature answered with precision. It enacted §2855(b), a remedy crafted specifically for record labels — giving them a damages

---

7                                    Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

action when artists exercise their statutory right to leave after seven years. What the Legislature did not give labels was the right to hold artists beyond seven years, or to continue asserting exclusivity over obligations the statute had voided. Rancho is not pursuing a §2855(b) damages claim. It is seeking the one remedy §2855(b) withholds: continued enforcement.

Rancho's motion should be denied. The personal services obligations are void. The weapon Rancho has been using to block FRC's appearances at seminal events such as the FIFA World Cup ("FIFA"), the MLB World Baseball Classic ("MLB"), the Grand Theft Auto soundtrack, and the Latin Grammy Awards, which has destroyed irreplaceable opportunities one by one while this litigation proceeds, has been legally baseless since February 1, 2025. Rancho's rights over FRC's personal services expired on that date. From that moment forward, every assertion of exclusivity, every threatened lawsuit, every blocked opportunity was without legal foundation. FRC's March 5, 2026, notice was a formality as California law had already spoken.

As to the remaining targeted claims, Rancho's motion fares no better. The Eleventh and Twelfth Causes of Action for constructive trust survive because the Reverted Masters, specifically identified, copyright-registered sound recordings that automatically reverted to FRC by contract and by law, are not generalized money damages. They are specific intellectual property wrongfully held by a defendant who refuses to return them, which is the textbook case for constructive trust since equity first existed.

The Eighth Cause of Action survives independently on the "unfair" prong of § 17200, which Rancho's Motion barely acknowledges. The Third Cause of Action describes tortious conduct that Rancho cannot dispute; if the statutory framing is imperfect, leave to amend is the remedy. The Thirteenth and Fourteenth Causes of

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Action for unjust enrichment are preserved as alternative pleadings under Rule 8(d)(2).

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the pleader's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a pleading includes incorporated documents, the Court may consider those documents but may not use them to resolve disputed factual or legal inferences against the pleader. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (warning against defendants "exploit[ing] the doctrine" of incorporation by reference "to defeat otherwise adequately stated claims").

## III.    THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER § 2855 STATES A CLAIM

### A.    The Second Cause of Action Is Not Duplicative of the Fourth Affirmative Defense

Rancho's threshold argument that the § 2855 declaratory relief counterclaim is redundant of FRC's affirmative defense and should be dismissed to avoid duplicative proceedings fundamentally misunderstands the purpose and function of declaratory relief.

An affirmative defense is reactive. It is invoked to defeat a specific claim asserted by a specific plaintiff in a specific action. A declaratory judgment is proactive. It creates a binding judicial declaration of the parties' rights that travels with the parties beyond this litigation, is enforceable against successors and assigns, and can be presented to third parties who are not before this Court.

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

The difference is not academic. FRC needs the declaratory judgment precisely because Rancho has been doing what it has been doing: threatening Sony, blocking MLB, interfering with FIFA, and sabotaging the Apple Music performance, all by asserting contractual rights over FRC that were extinguishable under § 2855 on February 1, 2025. A ruling on FRC's affirmative defense that Rancho cannot enforce its claims in this lawsuit does not tell Sony that the personal services obligations are void. It does not tell MLB or FIFA or any future commercial partner that Rancho has no right to interfere. Only a declaratory judgment does that.

Rancho's own motion inadvertently proves the point. It argues that FRC cannot bind Sony through a declaratory judgment because Sony is not a party. That is precisely why the declaratory relief claim must be maintained and precisely why it serves a purpose that the affirmative defense cannot. The answer to "Sony is not bound by this judgment" is "therefore Sony needs to be brought in, or FRC needs the clearest possible declaration it can obtain to assert against Rancho when Rancho continues threatening third parties." The Declaratory Judgment Act was designed for exactly this situation.

*Argonaut Insurance Co. v. St. Francis Medical Center*, 17 F.4th 1276 (9th Cir. 2021), which Rancho cites, supports FRC, not Rancho. *Argonaut* identifies whether a declaratory action will "settle all aspects of the controversy" or "serve a useful purpose in clarifying the legal relations at issue as factors weighing in favor of retaining declaratory jurisdiction. Here, the declaration FRC seeks will resolve the central legal question dividing these parties, the termination of FRC's personal services obligations, and would clarify the parties' rights going forward. Rancho's motion to dismiss the most useful claim in FRC's counterclaims, on the ground that it is too useful, should be rejected.

B.     **The Clock Runs From Commencement of Service, Not From the**

---

10     Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**Date of Any Particular Document**

Section 2855(a) provides that a personal service contract "may not be enforced against the employee beyond seven years from the commencement of service under it." The Legislature chose mandatory language. The text measures the seven-year period from "commencement of service," not from the date of any particular contract document. FRC commenced service to Rancho on February 2, 2018. FRC has served Rancho, without interruption, ever since. The clock has been running since that first day. It expired on February 1, 2025. Rancho's reading would render § 2855 a nullity. Any employer could perpetually bind any employee by cycling them through successive contracts by varying title and compensation.

*De Havilland v. Warner Bros. Pictures*, 67 Cal.App.2d 225, 234-35 (1944) foreclosed precisely that approach when Warner Bros. attempted to extend Olivia de Havilland's seven-year term through suspension clauses. *De Havilland* confirmed eighty years ago that the phrase is mandatory, not a grant of discretion to enforce longer contracts when circumstances seemed to warrant it. 67 Cal. App. 2d at 232 ("The words 'may not' as used are mandatory.").

C.   ***De La Hoya* Persuasively Articulates the § 2855 Standard Which Supports FRC's Counterclaim**

The most thorough application of *De Havilland*'s seven year rule to facts directly analogous to these is *De La Hoya v. Top Rank, Inc.*, 2001 WL 34624886 (C.D. Cal. Feb. 6, 2001). Although *De La Hoya* is a District Court decision and thus persuasive rather than binding, its analysis tracks *De Havilland* closely and provides confirmation of the legislature's intent in implementing the 1987 amendment to §2855 which is centrally relevant to the recording contract at issue here. *See infra* Section I.D.

11

Case No.  2:25-cv-10059 HDV (AJRx)
**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Oscar De La Hoya signed his first boxing contract with Top Rank in 1992. Over the following years, the parties executed a series of amendments and extensions, some labeled modifications, some labeled replacements, while De La Hoya remained continuously obligated to provide boxing services. Top Rank argued that a 1996 Amendment superseded the original agreement and restarted the § 2855 clock. The court rejected that argument:

> The parties to a personal services contract may not evade the seven-year limitation imposed by section 2855(a) simply by signing a mid-term amendment to "modify their relationship" without providing for a period of freedom or otherwise relieving the talent of its existing obligations. The legislative history of section 2855 demonstrates that mid-term contract extensions do not restart the seven-year period even if they are labeled as "amendments" or "superseding agreements."

*De La Hoya,* 2001 WL 34624886, at * 12 (emphasis added).

The court then articulated the appropriate standard: "A new seven years is not started under the statute unless the new agreement is struck while the employee is free from any existing contract, able to consider competitive offers and able to negotiate for his true value in the marketplace." *Id*. (emphasis added).

Under *De La Hoya*, the dispositive question is not what the successive agreement is called, but whether the employee was genuinely free to consider competitive offers and negotiate for true market value when the new agreement was signed. Applied here, the *De La Hoya* court's reasoning supports the conclusion that none of the transactions in the FRC-Rancho relationship, however they were labeled, restarted the § 2855 clock because FRC had no freedom to decline and seek alternative employment.

---

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**D.      The Legislative History of § 2855 Confirms the Freedom Standard**

The seven-year freedom principle this brief invokes is not a judicial gloss invented in 2001 with *De La Hoya*. It is grounded in *De Havilland* and confirmed by the California Legislature's own deliberations when it amended § 2855 in 1987. The legislative record (collected at Exhibits A-H[1]) shows that the recording industry sought two concessions; the Legislature was told, in committee analysis after committee analysis, that existing law foreclosed the very construction Rancho now advances; and the Legislature ultimately granted one of the two concessions (now the damage remedy in §2855 (b)) and declined the other (the clock restart requested).

### 1.      The two concessions the industry sought.

Senate Bill 469, introduced in February 1985 at the request of the Recording Industry of America, sought two amendments to § 2855 for the recorded-music industry. The first was a notice and damages framework permitting record companies to sue artists who walked away after seven years for damages on undelivered recordings. The second was a proposed § 2855(c) that would have allowed successive recording contracts to restart the seven-year clock, defining a "new contract" to include any agreement that "supersedes, amends, modifies, extends, or supplements the existing contract." The Legislature would ultimately enact the first and reject the second. Ex. A at A002.

### 2.      The existing-law backdrop.

Existing law, as the Legislature understood it, was embodied in *Motown Record Corp. v. Brockett,* 160 Cal. App. 3d 123 (1984) and *De Havilland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225 (1944). One committee, citing explicitly to *De Havilland*, articulated the rule as follows: "[A]n employee may not be compelled to

---

[1] The Exhibits are attached to the Request for Judicial Notice filed herewith and are further numbered for ease of reference on the lower left side of each page.

13                          Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

serve more than seven years, even in situations where he or she has entered into a subsequent contract, and the combined terms of both contracts exceed seven years." Ex. B at B002. That committee similarly described the rule in *Motown* terms: "the courts ruled that only the first seven year contract was applicable, which allowed the artist to have her recordings released by a second company after her seven years expired." Ex. C at C003.

Throughout the 1985-87 cycle, the Legislature was told repeatedly and uniformly that existing law did not countenance clock-restart upon a new agreement. One analysis was explicit: that the proposed § clock-restart provision would "nullify the [Motown/De Havilland] court's interpretation that limits the enforcement of more than one personal service contract for a single recording artist to seven years, in cases where the combined obligation exceeds seven years." Ex. D at D002.

Although SB 469 was ultimately vetoed for reasons unrelated to § 2855, Senator Ralph Dills reintroduced the same recording-industry amendments the next year as SB 1049, and the existing-law characterization carried forward unchanged into the 1987 SB 1049 committee analysis, where it remained in the legislative materials through the final Senate vote in August 1987. Ex. E at E001, Ex. F at F001, Ex. G at G001. Across the entire 1985-1987 period, the Legislature was told the same thing about existing law, and the same characterization went unchallenged. *See* Exhibit A

### 3. **The Legislature granted one concession and declined the other.**

The clock-restart provision was deleted from SB 469 in committee, leaving only the notice and damages framework that would later become § 2855(b). Before reintroducing the recording-industry amendments the following year as SB 1049,

---

14                                    Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE
ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO
DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND
FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Senator Dills consulted Legislative Counsel about the consequences of that deletion. A January 29, 1987 Legislative Counsel letter answered the question directly:

> You have asked whether the appearance in the bill of the language appearing in strike out as [the proposed clock-restart provision] in the August 26, 1986, form of the bill could have been used by a court as a basis for construing the section in a manner consistent with that language even if the bill had been subsequently enacted without the language in question. To the contrary, as a general proposition, "…[t]he rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision …" (*Rich v. State Board of Optometry*, 235 Cal. App. 2d 591, 607 [1965].)Thus, this proposition indicates that the rejection of the language appearing in strike out above provides a basis for construing Section 2855 in a manner inconsistent, not consistent, with that language.

Ex. H at H004 (emphasis added).[2]

---

[2] Legislative Counsel's letter cautions, citing *Burgess v. Bd. of Education*, 41 Cal. App. 3d 571, 580-581 (1974), that the significance of a rejected amendment "could be discounted" if the amendment 'may have died for any of the multitude of reasons other than consideration on the merits that exist for the failure of measures to pass.' Ex H.at 5. That hedge has no force here. The clock-restart provision did not die for procedural reasons. It was deleted after multiple committees and staff offices had developed an unbroken characterization of existing law as treating successive contracts in the aggregate and of the proposal as one that would affirmatively alter that understanding. *See supra* Section I.D. *Burgess'* rationale  — that unpassed legislation may reflect parliamentary or political happenstance rather than substantive judgment — does not reach a deletion made on this record.

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Senator Dills then introduced SB 1049 without the deleted text, and the Legislature formally enacted it. The construction Rancho now urges, that successive recording agreements can stack so long as each is structured as a new agreement, is belied by the Legislature's own Counsel's advice that omitting the deleted text would in fact not support Rancho's construction.  Under settled rules of statutory construction, that rejection is "most persuasive to the conclusion that the act should not be construed to include the omitted provision." *Rich*, 235 Cal. App. 2d at 607.[3] The freedom standard, grounded in *De Havilland*, confirmed by the legislative record of the 1987 amendment, and applied in *De La Hoya*, is the rule that should govern this case.

    E.    **_Manchester_ Does Not Displace the Legislative Record, and Even Under _Manchester_ the Claim Survives a Rule 12(b)(6) Motion**

Rancho relies heavily on two cases, *Manchester v. Arista Records, Inc.*, No. CV 81-2134-RJK, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 16, 1981), and the trial court order in *Twentieth Century Fox Film Corp. v. Netflix, Inc.* No. SC126423 (L.A. Super. Ct. June 5, 2019) citing it. Two threshold observations frame what follows. First, the Netflix trial court order is not published in any official reporter and carries no precedential weight. Rancho's §2855 framework therefore rests on a 1981

---

[3] The California Supreme Court applies this rejected-amendment principle, citing *Rich*, in *People v. Soto*, 51 Cal. 4th 229, 245 (2011), to hold, for example, that the Legislature's 1981 deletion of the phrase "against the will of the victim" from Penal Code §288(b) effectively removed consent as a defense to aggravated lewd acts on a child — overriding a more-than-twenty-year line of intermediate appellate authority that had read the statute contrary to the deletion.  Any argument that failed amendments may merely reflect a legislative judgment that existing law already covered the proposed addition, is directly rebutted by the legislative record here. Across the 1985-87 cycle, every committee analysis on record characterized existing law as *prohibiting* clock-restart and escribed the proposed amendment as one that would *change* the law by overruling the extant aggregation rule. *See supra* Section I.D.

16

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

federal district court order that predated the intervening legislative record described in Section I.D and an unpublished state trial court order with no binding force. Second, the Netflix trial court's characterization of *De La Hoya* as "simply restat[ing]" an amendment-versus-superseding-agreement principle was not the product of the court's own analytical engagement with *De La Hoya*. The Netflix court adopted that characterization verbatim from Fox's opposition brief, lifting the language directly into its own ruling, and Rancho has now repeated the same inaccurate characterization it is Motion (Mot. at 10).

*Netflix*'s reading of *De La Hoya* is wrong on its own terms. The *De La Hoya* court did make a threshold finding that the November 1996 Amendment was an amendment rather than a superseding agreement, based on certain factual findings. *De La Hoya*, 2001 WL 34624886, at *11. But the *De La Hoya* court did not stop there. Top Rank argued in the alternative that even if the 1996 document was technically an amendment, it functioned as a superseding agreement creating a new relationship. The court rejected that argument on the merits, holding that the freedom standard would apply *even if* the 1996 document were treated as a superseding agreement. *Id.* at *11-12. The court's holding was unequivocal: "mid-term contract extensions do not restart the seven-year period **even if they are labeled as 'amendments' or 'superseding agreements.'**" *Id.* at *12.

Further, the legislative record described in Section I.D independently resolves the choice between the *Manchester* framework and *De La Hoya*'s freedom standard. That record establishes three propositions in sequence. The Legislature understood existing law, anchored in *De Havilland,* to apply the seven-year cap across successive contracts in the aggregate, so that an employee could not be compelled to serve more than seven years through a chain of separate agreements. California

17

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Senate and Assembly committee analyses repeated that understanding throughout the 1985-87 legislative cycle. *See supra* Section I.D.

Recording-industry proponents of SB 469 then sought to change that understanding by proposing a clock-restart provision that would have permitted superseding, amending, modifying, extending, and supplementing recording contracts to restart the § 2855 clock, a proposal directly responsive to the very rule Rancho now asks this Court to displace. Assembly committee analyses identified *Brockett* and *De Havilland* by name as the case the proposal would overturn. *Id.* The Legislature, with full knowledge of what the existing rule prohibited and what the proposed change would authorize, declined to enact the change. Legislative Counsel formally advised that omission of clock-restart language would support a construction inconsistent with clock-restart, and the Legislature enacted § 2855 in its current form with that knowledge. *Id.*

That sequence dispositively favors *De La Hoya* over *Manchester* as the framework consistent with the Legislature's actual judgment. *Manchester* issued in 1981, four years before the legislative record began to develop, and contemplated the very clock-restart construction the Legislature would later reject. *De La Hoya* issued in 2001, after the 1987 amendment, and applied a freedom standard consistent with the existing-law rule the Legislature had ratified and reaffirmed. The Court can read each decision in light of what the Legislature did in between them, and the Legislature resolved that question in 1987.

Finally, even if *Manchester*'s framework were applied at face value, the question whether successive contracts "appear to have been entered into to avoid the application of section 2855," *Manchester*, 1981 U.S. Dist. LEXIS 18642, at *18-20, is an inquiry that turns on facts about the parties' purposes, the negotiation history, the structure of compensation, and the timing of execution. That kind of inquiry

---

18                    Case No.  2:25-cv-10059 HDV (AJRx)
**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

cannot be resolved on a Rule 12(b)(6) motion. *See Khoja*, 899 F.3d at 1002. Even on Rancho's preferred framework, discovery is required and dismissal at the pleading stage is inappropriate.

F. **FRC Had No Moment of Freedom; Dollars Cannot Do The Work That Liberty Must Do**

The equitable heart of this case is straightforward. § 2855 exists to ensure employees periodically have a real choice about their professional lives. FRC never had that choice. Rancho's contract with FRC remained extant throughout the chronology, without any window in which FRC could have tested the market, received competing offers, and made a genuinely free decision to re-engage. Whatever the formal documents say, FRC never stopped serving. The seven-year clock never stopped running. It expired on February 1, 2025.

Rancho's response is that it paid substantial consideration for the contract extensions, including the $1.8 million associated with the 2022 settlement transaction. The argument runs afoul of § 2855's purpose. The thrust of §2855 is that the employee, not the employer, is the protected party, and the protection is liberty rather than price. Without a moment of freedom between the 2018 Agreement and the 2021 Extension, FRC had no ability to discover what any other label would have paid. The settlement sum looks reasonable only against the backdrop of an artist who could not negotiate with anyone else. That is the harm § 2855 was enacted to prevent: not poverty wages, but the inability to ever discover one's true market value. *De Havilland*, 67 Cal. App. 2d at 235 ("As one grows more experience and skillful there should be a reasonable opportunity to move upwards and to employ his abilities to the best advantage and for the highest obtainable compensation.")

If substantial consideration defeats § 2855, the statute is effectively repealed for any label with deep enough pockets. A label could simply pay more to

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

circumvent a non-waivable statutory protection rooted in California's constitutional prohibition on involuntary servitude. That cannot be the law. *De Havilland*, 67 Cal. App. 2d at 234-35.

G.    **Section 2855(b) Confirms That Continued Enforcement is Not an Available Remedy**

Rancho's conduct in this litigation, asserting ongoing exclusivity over FRC's personal services, threatening third parties, and blocking commercial opportunities, is not merely contrary to § 2855(a). It is foreclosed by § 2855(b), the provision the Legislature enacted in 1987 specifically for the recorded music industry. When an artist invokes § 2855(a) after seven years of service, the record company's remedy is a civil action for damages. Cal. Lab. Code § 2855(b)(2)-(3).

The Legislature drew a bright line between the remedy available to record companies, which is damages, and the remedy unavailable to them, which is continued enforcement. Rancho has crossed that line. Its SAC seeks to enforce a personal services contract beyond the seven-year limit.[4] Its conduct since February 1, 2025 has been to assert exclusivity rights, threaten third parties, and block commercial opportunities using a void contract. Every one of those acts is a remedy § 2855(b) expressly withholds.  Section 2855(b)'s reference to 'seven years of service' measures the aggregate period of continuous personal service from commencement, not the duration of any single contract document. This is the only reading consistent with the Legislature's rejection of the clock-restart provision in 1987 and with the committee analyses confirming that the seven-year cap applies across successive contracts in the aggregate.

---

[4] Rancho's SAC seeks to hold FRC off the market until 2028, even though FRC has delivered the Albums required under their agreements. *See* Counterclaims ¶ 45.

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**H.** **The § 1542 Waiver Does Not and Cannot Extinguish FRC's § 2855 Rights**

Rancho places significant weight on the Civil Code § 1542 waiver contained in the 2022 Settlement Agreement, apparently contending that FRC waived all claims, known and unknown, including any right to invoke § 2855. This argument fails at every level. It misunderstands what § 1542 waivers release, when they operate, and what § 2855 protects.

California Civil Code § 1542 provides that a general release does not extend to claims "which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release." By its plain text § 1542 operates on claims: causes of action, known or unknown, that exist at the time of signing. Section 2855 is not a claim. It is a statutory limit on the enforceability of personal services contracts. It does not ripen into a claim that can be released. It operates by operation of law, automatically, prospectively, and without any action by the artist, when seven years of continuous service have elapsed. There was nothing for FRC to release in January 2022 because the § 2855 limit had not yet operated. Seven years would not elapse until February 1, 2025 — three years after the § 1542 waiver was signed. A party cannot release a right that does not yet exist.

Moreover, even if the § 1542 waiver could theoretically reach a future statutory right (it cannot) § 2855 is a non-waivable protection rooted in California's constitutional prohibition on involuntary servitude. *De Havilland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225, 234–35 (1944). This is not a gap-filling rule of contract interpretation. It is a constitutional mandate. California Article I, Section 6. Section 2855 is the Legislature's codification of that prohibition in the personal services context. A boilerplate § 1542 waiver in a private settlement agreement does not and cannot override a legislative enactment grounded in the State Constitution.

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

The implications of Rancho's argument make its error plain. If a § 1542 waiver in a settlement agreement could extinguish § 2855 rights, every label in the industry would include one in every settlement. The statutory protection — enacted specifically because the Legislature understood that artists negotiating with labels lack equal bargaining power — would be available for elimination by the very party it was designed to constrain. That result is precisely what De Havilland and its progeny forbid. *See also Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 100 (2000) (statutory rights rooted in fundamental public policy cannot be prospectively waived).

## IV.    THE THIRD CAUSE OF ACTION STATES A CLAIM UNDER CALIFORNIA LAW

### A.    The Underlying Conduct States a Claim Regardless of Label

Rancho argues that § 2855 creates no private right of action for damages and is a shield not a sword. FRC does not dispute that § 2855 contains no express damages provision. But Rancho's motion attacks the label on the claim, not the substance of it, and *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), is explicit: a pleading should not be dismissed for "imperfect statement of the legal theory supporting the claim asserted."

The conduct alleged in the Third Cause of Action is unambiguous and undisputed. Since February 1, 2025, Rancho has continued to assert rights to FRC's personal services that § 2855 extinguished, and in doing so has directly caused FRC to lose the MLB opportunity, the FIFA opportunity, the Grand Theft Auto opportunity, and the Apple Music performance. That conduct — a party knowingly asserting void legal rights to interfere with another party's freedom to contract — is tortious regardless of what statute renders those rights void.

Case No.  2:25-cv-10059 HDV (AJRx)
**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

California recognizes causes of action for intentional interference with prospective economic advantage, abuse of process, and breach of implied covenant of good faith and fair dealing, all of which are supported by the facts alleged in the Third Cause of Action. The claim survives because the facts support cognizable legal theories whether or not § 2855 independently generates a damages remedy.

B.    **The Constitutional Foundation of § 2855 Independently Supports a Remedy**

Section 2855 is not merely a contract limitations statute. It is the Legislature's codification of California's constitutional prohibition on involuntary servitude under Article I, Section 6 of the California Constitution. *De Havilland*, 67 Cal. App. 2d at 234. Where a party deliberately and knowingly continues to assert void legal obligations to hold another party in what the statute characterizes as unlawful captivity, blocking career opportunities, threatening third parties, and filing litigation premised on extinct rights, the absence of an express damages provision in the statute does not foreclose judicial relief. Courts retain inherent equitable authority to remedy deliberate constitutional violations and the Legislature's silence on damages in § 2855 does not constitute an affirmative bar to relief grounded in the constitutional prohibition the statute implements.

C.    **The Duplicativeness Argument Fails Because the Third Cause of Action Reaches Conduct the Other Claims Do Not**

Rancho argues the Third Cause of Action merely duplicates the Fourth, Sixth, Seventh, and Eighth Causes of Action. This argument misreads the pleading. The Third Cause of Action is specifically directed at Rancho's conduct after February 1, 2025 — the period during which the personal services obligations were void and Rancho had no legal right to assert them at all. The Fourth Cause of Action for breach of contract addresses conduct during the contractual period. The Sixth Cause

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

of Action for breach of implied covenant addresses conduct within the contractual relationship. The Seventh Cause of Action for tortious interference addresses specific identified business opportunities. None of those claims is specifically directed at the distinct wrong of continuing to assert a void personal services contract after its statutory expiration as an instrument of ongoing harm.

The Third Cause of Action captures that specific wrong. It is not duplicative and it is targeted at a category of post-expiration conduct that the other claims do not precisely address. Moreover, even if there is some factual overlap between the Third Cause of Action and other claims, overlap is not duplication. Federal pleading rules permit a plaintiff to pursue multiple legal theories arising from the same conduct. *Fed. R. Civ. P. 8(d)(2)*. The mere fact that the same bad acts give rise to multiple claims does not make any one of them redundant.

D.      **In the Alternative, Leave to Amend Should Be Granted**

If the Court concludes that the Third Cause of Action as currently pleaded does not state a cognizable standalone claim, FRC respectfully requests leave to amend to reframe the claim expressly as intentional interference with prospective economic advantage, breach of implied covenant of good faith and fair dealing in the post-expiration period or both, grounded in the same factual allegations already pleaded with specificity. The conduct is in the record. The harm is documented. The legal label is the only issue, and *Johnson v. City of Shelby* says that is not a basis for dismissal without leave to cure.

Amendment is not futile. It is a single drafting step. The Court should grant it.

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## V. THE EIGHTH CAUSE OF ACTION UNDER § 17200 STATES A CLAIM

### A. The "Unfair" Prong Is Independent and Survives

Rancho's motion focuses almost entirely on the "unlawful" prong of FRC's §17200 claim. It devotes minimal attention to the "unfair" prong, and for good reason. The unfair prong does not depend on § 2855 at all.

FRC's § 17200 claim has two independent predicates. *First*, Rancho's unlawful assertion of void personal services rights under § 2855. *Second*, and independently, Rancho's deliberate withholding of the Feature Opportunities, the MLB collaboration, the FIFA soundtrack, the Apple Music performance, for the sole purpose of litigation advantage, sacrificing FRC's career interests on the altar of Rancho's legal strategy.

That second predicate is a standalone "unfair" business practice under § 17200 that requires no § 2855 predicate. *Cel-Tech Communications, Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999). Conduct is "unfair" under § 17200 when it offends established public policy and causes harm disproportionate to any legitimate business benefit. Deliberately blocking an artist's appearances at the MLB World Baseball Classic and FIFA World Cup, not for any legitimate commercial reason but purely to gain litigation leverage, is precisely such conduct. Rancho's motion does not address this theory. The Eighth Cause of Action survives on this basis alone.

### B. Linear Tech Does Not Foreclose FRC's Claim

*Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115 (2007), bars § 17200 claims by corporate plaintiffs only where the dispute is purely private and implicates no injury to consumers, competitors, or the public. This is not that case.

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

The conduct at issue here,  a label holding an artist in unlawful personal services captivity beyond California's statutory limit and weaponizing that captivity to block appearances at the MLB World Baseball Classic and FIFA World Cup, is not a private contract dispute. It implicates the public interest in artists' freedom from involuntary servitude, the policy § 2855 was enacted to protect, and the broader market for entertainment services. The Artists whose career Rancho is sabotaging perform for millions of fans. The opportunities Rancho blocked have global commercial and cultural significance. This is not a dispute between two companies over payment terms. *Linear Tech* is inapposite.

C.    **The *Sonner* Adequate Remedy Argument Fails Because Injunctive Relief Is Not Duplicated**

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), requires a federal UCL plaintiff to plead the inadequacy of legal remedies for past harm. FRC's § 17200 claim seeks two forms of relief: restitution and injunctive relief. As to injunctive relief,  specifically, an order prohibiting Rancho from interfering with any commercial opportunity FRC pursues by invoking void contractual rights, and compelling Rancho to cease exploitation of the Reverted Masters — money damages are inherently inadequate. The lost FIFA and GTA opportunities cannot be restored by a damages award. Nor can the next opportunity Rancho blocks using the same void contract. The pattern of interference is ongoing. The equitable relief sought addresses that ongoing pattern and is not duplicated by FRC's damages claims

VI.    **THE ELEVENTH AND TWELFTH CAUSES OF ACTION FOR CONSTRUCTIVE TRUST STATE A CLAIM AS TO THE REVERTED MASTERS**

Here, Rancho's motion fundamentally mischaracterizes FRC's claims, and the mischaracterization must be corrected directly.

26

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

A.   **The Reverted Masters Are a Specifically Identified, Traceable Res**

Rancho argues that FRC's constructive trust claims fail because there is no specifically identifiable, traceable res — only a general fund of money. That argument is flatly wrong as to the Reverted Masters.

The Reverted Masters are not money. They are specific, named sound recordings: identified individually in paragraph 39 of the Counterclaims, registered with the United States Copyright Office as reflected in Exhibit 5, and owned exclusively by FRC by automatic operation of the contractual reversion provisions in Section 7.01(a) of the 2021 Agreement. These are not generalized revenue streams. They are specific pieces of intellectual property with specific copyright registrations, specific streaming catalogs, and specific ongoing commercial exploitation.

*Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 990 (1995), requires "the existence of a res (property or some interest in property)" that is specifically identifiable. FRC has specifically identified the property. The Reverted Masters are the res. The res requirement is satisfied.

B.   **This Is Equity's Textbook Application, Not a Money Damages Workaround**

Rancho characterizes the constructive trust claims as "money damages dressed in equitable clothing." That description applies to the royalty payment claims. It does not apply to the Reverted Masters.

A constructive trust imposed on a defendant who holds specific intellectual property belonging to the plaintiff, refuses to return it, and continues to exploit it for commercial gain is not a damages substitute. It is the imposition of equity's oldest and most essential remedy on precisely the facts for which it was designed: a defendant holding title to property it has no right to retain. *Cal. Civ. Code §§ 2223–*

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*2224* (one who holds property under circumstances where equity requires restoration to the true owner is a constructive trustee).

Rancho's own motion acknowledges at page 19 that FRC's copyright and declaratory relief claims address the Reverted Masters. That acknowledgment is an admission that the Reverted Masters constitute a cognizable res. Rancho cannot simultaneously argue "you have no specific property at issue" and "you already have other claims about that specific property."

C. **The Federal Pleading Standard Does Not Require Perfect Separation of Remedy and Claim**

Rancho argues that constructive trust is a remedy, not an independent cause of action under California law. That is true as a matter of California state practice. But *Johnson v. City of Shelby*, 574 U.S. 10 (2014), holds that federal pleadings should not be dismissed for imperfect statement of legal theory. Under federal notice pleading, the question is whether the facts alleged entitle FRC to the relief sought. They do. FRC has alleged specific intellectual property wrongfully held by Rancho, ongoing unauthorized exploitation, and copyright registrations establishing ownership. Those facts support constructive trust as a remedy whether or not it is perfectly labeled as a cause of action.

To the extent the Court is inclined to treat constructive trust as a remedy rather than a standalone claim, FRC respectfully requests that the Court construe the Eleventh and Twelfth Causes of Action as prayers for constructive trust relief in connection with the surviving First (Copyright Infringement), Fourth (Breach of Contract), Fifth (Breach of Fiduciary Duty), and Sixteenth (Declaratory Relief — Copyright) Causes of Action rather than dismissing the constructive trust allegations entirely.

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## VII.   THE THIRTEENTH AND FOURTEENTH CAUSES OF ACTION SHOULD BE PRESERVED IN THE ALTERNATIVE

FRC acknowledges that California courts have declined to recognize unjust enrichment as an independent cause of action, and that the express contract bar creates a tension with the quasi-contract theory pleaded in the Thirteenth and Fourteenth Causes of Action.

However, FRC has also alleged throughout these proceedings that Rancho's conduct violated § 2855, rendering the personal services provisions of the Rancho Recording Agreement void and unenforceable beyond February 1, 2025. To the extent the Court ultimately finds that the express contracts are void, unenforceable, or inapplicable to certain conduct or time periods, the unjust enrichment claims provide an essential alternative vehicle for recovery. Federal Rule of Civil Procedure 8(d)(2) expressly permits pleading in the alternative regardless of consistency.

FRC therefore requests that the Thirteenth and Fourteenth Causes of Action be preserved as alternative pleadings rather than dismissed outright. In the event the Court is inclined to dismiss them, FRC requests leave to amend to expressly plead them in the alternative to the contract claims.

## VIII.   LEAVE TO AMEND SHOULD BE FREELY GRANTED

Rancho asks the Court to dismiss seven counterclaims without leave to amend, arguing that all defects are structural and incurable. That position is overstated as to every claim it targets.

The Second Cause of Action requires no amendment. It states a claim as pleaded.

The Third Cause of Action, if the Court finds the § 2855 damages label insufficient, can be repleaded as tortious interference or breach of implied covenant — the facts are already pleaded in detail and amendment is not futile.

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

The Eighth Cause of Action survives as pleaded but can be amended to more precisely articulate the "unfair" prong theory. The constructive trust claims (the Eleventh and Twelfth Causes of Action) can be amended to more explicitly anchor the res to the Reverted Masters and to expressly tie the remedy to the surviving copyright and contract claims. The unjust enrichment claims (the Thirteenth and Fourteenth Causes of Action) can be amended to expressly plead in the alternative.

Leave to amend is to be freely given when justice so requires. *Fed. R. Civ. P. 15(a)(2)*. Justice requires it here if necessary. The underlying conduct is not in dispute.  Rancho held FRC in contractual captivity for eight years, blocked millions of dollars in commercial opportunities, stole master recordings, and falsified settlement statements. FRC should not be denied the opportunity to pursue every available legal theory against that conduct because of labeling imperfections in its pleading.

## IX.   CONCLUSION

Rancho's motion is a strategic attempt to strip FRC of its most powerful remedies before this case reaches the merits. It should be denied in full. FRC's challenged causes are properly pleaded on the facts alleged, and to the extent the Court finds any defect, leave to amend should be freely granted. Rancho's conduct is not disputed. FRC should be permitted to pursue every available legal theory against the systematic misconduct Rancho has committed.

**WHEREFORE**, FRC Counterclaimants respectfully request that the Court:

1.   Deny the motion to dismiss the Second Cause of Action in its entirety;

2.   Deny the motion to dismiss the Third Cause of Action, or in the alternative grant leave to amend;

3.   Deny the motion to dismiss the Eighth Cause of Action, or in the alternative grant leave to amend;

30   Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

4.      Deny the motion to dismiss the Eleventh and Twelfth Causes of Action as to the Reverted Masters, or in the alternative construe the constructive trust allegations as a prayer for relief in connection with surviving claims;

5.      Deny the motion to dismiss the Thirteenth and Fourteenth Causes of Action as alternative pleadings, or in the alternative grant leave to amend to expressly plead them in the alternative; and

6.      In all events, grant leave to amend any dismissed claim.

DATED: May 14, 2026

FREUNDLICH LAW, APC

BY: */s/ Kenneth D. Freundlich*
Kenneth D. Freundlich (SBN: 119806)
Jonah A. Grossbardt (SBN 283584)
Hugh H. Rosenberg (SBN 360544)
*Attorneys for Defendants Fuerza Regida Corp.*
*Jesus Ortiz Paz, Samuel Jaimez, Khrystian*
*Ramos And Jose Garcia*

DATED: May 14, 2026

MOSLEY AND ASSOCIATES
BY: */s/ Walter Mosley*
Walter Mosley, Esq. (SBN: 244169)

*Co-Counsel for Defendants Fuerza Regida*
*Corp. Jesus Ortiz Paz, Samuel Jaimez,*
*Khrystian Ramos And Jose Garcia*

Case No.  2:25-cv-10059 HDV (AJRx)

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants and Counterclaimants, certifies that this brief contains less than 7000 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 14, 2026

FREUNDLICH LAW, APC

BY: */s/ Kenneth D. Freundlich*
Kenneth D. Freundlich (SBN: 119806)
Jonah A. Grossbardt (SBN 283584)
Hugh H. Rosenberg (SBN 360544)
*Attorneys for Defendants Fuerza Regida Corp. Jesus Ortiz Paz, Samuel Jaimez, Khrystian Ramos And Jose Garcia*

DATED: May 14, 2026

MOSLEY AND ASSOCIATES
BY: */s/ Walter Mosley*
Walter Mosley, Esq. (SBN: 244169)

*Co-Counsel for Defendants Fuerza Regida Corp. Jesus Ortiz Paz, Samuel Jaimez, Khrystian Ramos And Jose Garcia*

**FRC COUNTERCLAIMANTS' OPPOSITION TO RANCHO HUMILDE ENTERTAINMENT, LLC AND HUMBLE TALENT AGENCY, INC.'S MOTION TO DISMISS SECOND, THIRD, EIGHTH, ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH CAUSES OF ACTION PURSUANT TO FED. R. CIV. P. 12(b)(6)**