Kenneth D. Freundlich (SBN: 119806)
Jonah Grossbardt (SBN: 283584)
Hugh Rosenberg (SBN: 360544)
FREUNDLICH LAW, APC
16133 Ventura Blvd. Ste. 645
Encino, CA 91436
P: 818.377-3790
F: 310.275-5351
E-Mail:  ken@freundlichlaw.com

Walter Mosley, Esq. (SBN 244169)
wm@waltermosleyesq.com
MOSLEY AND ASSOCIATES
601 S. Figueroa St., Ste. #4400
Los Angeles, California 90017
Telephone: (213) 232 – 3886

*Attorneys for Defendants and Counterclaimants FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS and JOSE GARCIA*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>     vs.<br><br>FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual, and DOES 1 through 10, inclusive, Defendants,<br>              Defendant.<br><br>FUERZA REGIDA CORP., a | Case No.: **2:25-cv-10059 HDV (AJRx)**<br>The Honorable Hernán D. Vera<br>Courtroom 5B<br><br>**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**<br><br>**Hearing Date:** 10/1/2026<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 5B |

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual,

Counterclaimants,

RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, CINQ MUSIC GROUP, LLC, a California limited liability company, and HUMBLE TALENT AGENCY, LLC, a California limited liability company,

Counterclaim Defendants.

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 1, 2026 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 5B of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants and Counterclaimants Fuerza Regida Corp. ("Fuerza Regida"), Jesus Ortiz Paz ("Paz"), Samuel Jaimez ("Jaimez"), Khrystian Ramos ("Ramos"), and Jose Garcia ("Garcia") (collectively, the "Fuerza Parties") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on the Second Cause of Action for Declaratory Relief under California Labor Code § 2855 or, in the alternative, for an order denying the Motion and certifying the controlling question of law for interlocutory appeal under 28 U.S.C. § 1292(b).

This Motion is made on the grounds that the undisputed facts established on the face of the pleadings and the contracts incorporated by reference therein establish as a matter of law that: (1) the personal services obligations arising from the parties'

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

agreements have been continuous and uninterrupted since February 2, 2018; (2) the Fuerza Parties and the individual Artists had no genuine moment of freedom to seek alternative employment between the execution of the 2018 Recording Agreement and the present; (3) the maximum enforceable term of those personal services obligations expired no later than February 1, 2025, seven years from the commencement of service; and (4) all provisions of any agreement purporting to obligate the Fuerza Parties or the individual Artists to render personal services after February 1, 2025 are void and unenforceable by operation of California Labor Code § 2855.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 on July 31, 2026.

DATED:                                        FREUNDLICH LAW, APC


BY: /s/ Kenneth D. Freundlich_____
Kenneth D. Freundlich
*Attorneys for* FUERZA REGIDA CORP.,
JESUS ORTIZ PAZ,
SAMUEL JAIMEZ, KHRYSTIAN RAMOS
and JOSE GARCIA

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

# TABLE OF CONTENTS

I.     Introduction ................................................................................7

II.    Legal Standard .............................................................................9

III.   Section 2855 Protects the Individual Artists ...............................10

IV.    Section 2855 Is Mandatory, Non-Waivable, and Measured in Calendar Years from the Commencement of Service. ................10

V.     Under *de la Hoya* and the Legislative History of the 1987 Amendment, the Only Operative Fact Is Whether The Fuerza Parties Were Ever Free, and the Contracts Answer It on Undisputed Facts. ........................................................................11

VI.    *Manchester* and *Netflix* Cannot Be Squared with the Statute's Text and History ........................................................................14

VII.   Exercising Supplemental Jurisdiction Over this State Law Claim, the Court Must Apply California Law as the California Supreme Court Would, and California's Text, Published Authority, and Public Policy All Favor Aggregation. ...........................................16

VIII.  The Incorporated Contracts Establish That the Fuerza Parties Were Never Free, and Rancho's Separate-Agreement, Consideration, and Validity Arguments Do Not Create a Triable Dispute ......................................................................................17

IX.    No Alleged Breach and No Appeal to Equity Can Toll the Seven-Year Clock. ..................................................................................20

X.     Section 2855(b) Confirms That Continued Enforcement Is the Remedy the Legislature Withheld. ...............................................21

XI.    In the Alternative, the Court Should Deny the Motion and Certify the Controlling Question Under 28 U.S.C. § 1292(b). ................22

XII.   CONCLUSION ..........................................................................24

Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Armendariz v. Foundation Health Psychcare Servs., Inc.*,
24 Cal. 4th 83 (2000) ................................................................................19

*Autry v. Republic Prods., Inc.*,
30 Cal. 2d 144 (1947) ................................................................................21

*De Havilland v. Warner Bros. Pictures*,
67 Cal. App. 2d 225 (1944) .................................................................*passim*

*De La Hoya v. Top Rank, Inc.*,
2001 WL 34624886 (C.D. Cal. Feb. 6, 2001) ...............................*passim*

*Fleming v. Pickard*,
581 F.3d 922 (9th Cir. 2009) ....................................................................9

*Fortinet, Inc. v. Forescout Techs., Inc.*,
730 F. Supp. 3d 958 (N.D. Cal. 2024)  9 ..........................................9

*Foxx v. Williams*,
244 Cal. App. 2d 223 (1966) ..............................................................16-17

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1989) ..................................................................9

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981) ............................................................22, 24

*Lewis v. Tel. Emps. Credit Union*,
87 F.3d 1537 (9th Cir. 1996) ...................................................................16

*Manchester v. Arista Records, Inc.*,
No. CV 81-2134-RJK, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 15,
1981) ..............................................................................................*passim*

*Mangold v. Cal. Pub. Utils. Comm'n*,
67 F.3d 1470 (9th Cir. 1995) ...................................................................16

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

*Motown Record Corp. v. Brockert¸*
    160 Cal. App. 3d 123 (1984) ...............................................................12

*People v. Soto*,
    51 Cal. 4th 229 (2011)...............................................................13-14

*Rich v. State Board of Optometry*,
    235 Cal. App. 2d 591 (1965)_ ...............................................................13-14

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...............................................................9, 18

*Twentieth Century Fox Film Corp. v. Netflix, Inc.*
    No. SC126423 (L.A. Super. Ct. June 5, 2019) ...............................................*passim*

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) ...............................................................22

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ...............................................................9

*Vestar Dev. II, LLC v. Gen. Dynamics Corp.*,
    249 F.3d 958 (9th Cir. 2001) ...............................................................16

**Statutes**

28 U.S.C. § 1292(b) Cal. Bus. & Prof. Code § 17200...............................................*passim*

Cal. Civ. Code § 1542...............................................................18

Cal. Civ. Code § 3513 ...............................................................11

Cal. Lab. Code § 2855 ...............................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(c) ...............................................................*passim*

Cal. R. Ct. 8.548(a)

6

Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

This Motion asks the Court to decide a single question of law that it identified but did not need to resolve on the motion to dismiss: under California Labor Code § 2855, are the personal-services obligations of continuously bound artists aggregated toward the seven-year limit (*de la Hoya*), or may a label restart that limit with successive papers the artist signs while still bound (*Manchester*)? Now that the pleadings are closed and Rancho's Answer admits the controlling chronology, that question is ripe, and only two outcomes fit it. If *de la Hoya* governs, the incorporated contracts entitle the Fuerza Parties to judgment as a matter of law. If the Court concludes that *Manchester* governs or that the choice is genuinely unsettled, the answer is not years of discovery on a controlling legal question—it is to deny the Motion and certify that question for immediate appeal under 28 U.S.C. § 1292(b). What the record will not support is a third path that defers this purely legal question to trial.

In denying Rancho's motion to dismiss this claim on July 9, 2026 (Dkt. No. 58) (the "Order"), the Court identified two competing lines of authority and the tension between them. Under *de la Hoya v. Top Rank, Inc.*, 2001 WL 34624886 (C.D. Cal. Feb. 6, 2001), the question is governed by a bright-line rule that a court can apply as a matter of law on the face of the contracts. Under *Manchester v. Arista Records, Inc.*, No. CV 81-2134-RJK, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 15, 1981), and the unpublished order in *Twentieth Century Fox Film Corp. v. Netflix, Inc.*, No. SC126423 (L.A. Super. Ct. June 5, 2019), the question instead turns on a less determinate, fact-bound inquiry into the circumstances surrounding each agreement's formation. As the Court recognized, the two "describe inconsistent ways of analyzing the issue." (Order, Dkt. No. 58, at 7.) At pleading stage, the claim survived under either

---

7                                                          Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

standard, so the choice could wait. But in this Rule 12(c) motion, with the pleadings closed, it can no longer wait, because the Court cannot rule, grant or deny, without deciding which rule governs.

The choice dictates both the outcome and the proper disposition, and only two dispositions are now consistent with it. If *de la Hoya* governs, the Court can and should enter judgment now. The incorporated contracts establish—and Rancho's Answer now admits—that the Fuerza Parties were never free between February 2, 2018, and the present, so their personal-services obligations reached the statutory limit and became unenforceable on February 1, 2025. If instead the Court concludes that *Manchester's* fact-bound inquiry supplies the rule, the answer is not to deny the Motion and send the parties into years of discovery on a controlling legal question. It is to deny the Motion and certify that question for interlocutory appeal under 28 U.S.C. § 1292(b), letting the Ninth Circuit settle the governing standard first.

The statutory foundation is not in dispute. Section 2855(a) provides that a personal-services contract "may not be enforced against the employee beyond seven years from the commencement of service under it," Cal. Lab. Code § 2855(a), and those words are "mandatory." *De Havilland v. Warner Bros. Pictures*, 67 Cal. App. 2d 225, 232 (1944). The Fuerza Parties commenced service on February 2, 2018, so the cap was reached on February 1, 2025. The only question is whether the successive papers they signed while continuously bound restarted the clock. The incorporated agreements answer that they did not: the 2022 Settlement Agreement that terminated the 2018 Recording Agreement did not take effect until January 1, 2022, "after the parties had already entered into the 2021 Recording Agreement on December 30, 2021," leaving the Fuerza Parties "'[briefly] simultaneously under two exclusive personal services obligations at the same time by the same label.'" (Dkt. 58, p. 8.)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

There was no interval of freedom, and Rancho now admits the chronology. (Answer ¶¶ 22, 25-27, 33, Dkt. No. 59.) Under *de la Hoya*, that ends the inquiry.

## II.    Legal Standard

Under Rule 12(c) judgment is proper when, accepting the non-moving party's well-pleaded allegations as true, there is no issue of material fact, and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The moving party bears that burden, and the Court is confined to the pleadings and the documents incorporated into them. *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). Rule 12(c) is the proper vehicle for this question now: it exists to test the legal sufficiency of a claim once the pleadings are closed, and a party may seek judgment on the pleadings even after a motion to dismiss directed at the same claim has been denied. *Fortinet, Inc. v. Forescout Techs., Inc.*, 730 F. Supp. 3d 958, 963–64 (N.D. Cal. 2024).

Here, because the Fuerza Parties move for judgment on their own claim, the Court accepts as true all well-pleaded allegations in Rancho's Answer, including its affirmative defenses, and draws all reasonable inferences in Rancho's favor. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Two settled principles nonetheless permit judgment on this record. First, where a written instrument is incorporated into a pleading, the instrument controls, and the Court need not accept allegations or legal characterizations that the instrument contradicts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Second, an affirmative defense defeats judgment on the pleadings only if it raises a dispute of material fact; materiality is fixed by the governing legal standard, and a defense resting on the legal characterization of undisputed documents presents a question of law, not a triable issue. The dates and terms of the incorporated agreements are undisputed and, under the governing standard, entitle the Fuerza Parties to

9

Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

judgment as a matter of law.

## III.    Section 2855 Protects the Individual Artists

Section 2855 protects "the employee." Cal. Lab. Code § 2855(a). The individual Artists, Paz, Jaimez, Ramos, and Garcia, are the employees who commenced rendering personal services on February 2, 2018, and whose services Fuerza Regida Corp. furnishes to Rancho. The 2021 Recording Agreement runs between Fuerza Regida Corp., furnishing the Artists' services, and Rancho, with each individual Artist executing an inducement letter binding him to that agreement. (Dkt. 58, Order at 4.) The declaration sought here concerns the personal-services obligations of the individual Artists; Fuerza Regida Corp. seeks relief only as to the provisions binding it as the furnishing entity. Rancho's generalized standing defense (Seventh Affirmative Defense) does not defeat the individual Artists' entitlement to invoke a protection the Legislature created for their benefit.

## IV.    Section 2855 Is Mandatory, Non-Waivable, and Measured in Calendar Years from the Commencement of Service.

The first reported case to deal with the issues raised here was *De Havilland v. Warner Bros Pictures,* 67 Cal. App. 2d 225 (1944), which arose from the very device Rancho invokes: contractual provisions that extended a personal-services term beyond seven years. Warner Bros. attempted to suspend and correspondingly extended Olivia de Havilland's contract so that her service ran past seven calendar years. The Court of Appeal held the extensions "ineffective to bind her beyond … seven years after her services commenced," because § 2855 is measured in seven calendar years from commencement of service, not years of actual service, and "[t]he words 'may not' as used are mandatory." *De Havilland*, 67 Cal. App. 2d at 232. The limitation is not a modern gloss; § 2855 is a "restatement and continuation" of a cap California has imposed since 1872. *Id.* at 230.

10    Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

The protection rests on public policy and cannot be waived by conduct or by agreement. *De Havilland* rejected Warner's contention that the actress had waived the seven-year limit by her own conduct in triggering the extensions, holding the right, being one "created in the public interest" under Civil Code § 3513,"could not be waived." *Id.* at 235–237. The court explained that any contrary rule would nullify the statute: if the limit could be waived, "[a]n agreement to work for more than seven years would be an effective waiver of the right to quit at the end of seven," and "the statute could not operate at all." *Id.* That reasoning forecloses Rancho's premise that the parties' successive agreements and the consideration attending them extended the Fuerza Parties' obligations. The guarantee § 2855 secures is liberty, not price. Every worker must retain, after seven years, "a reasonable opportunity to move upwards." *Id.* at 235.

## V.   Under *de la Hoya* and the Legislative History of the 1987 Amendment, the Only Operative Fact Is Whether The Fuerza Parties Were Ever Free, and the Contracts Answer It on Undisputed Facts.

*De la Hoya* is directly on point and, as this Motion urges here, was decided without trial: the court granted partial summary judgment and held a personal-services contract void under § 2855 where successive amendments extended it past seven years. *De la Hoya,* 2001 WL 34624886, at *1, 11. Rejecting the argument that a mid-term amendment "superseded" the prior contract and "restart[ed] the seven-year period," the court found the successive papers "part of a continuous, uninterrupted" relationship the parties "treated as a single package.*"* Id. at *12. Parties, the court held "may not evade the seven-year limitation imposed by section 2855(a) simply by signing a mid-term amendment to 'modify their relationship' without providing for a period of freedom or otherwise relieving the talent of its existing obligations," and "mid-term contract extensions do not restart the seven-year period even if they are labeled as

11

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

'amendments' or 'superseding agreements.'" Id. The operative test is therefore temporal, i.e. "A new seven years is not started under the statute unless the new agreement is struck while the employee is free from any existing contract, able to consider competitive offers and able to negotiate for his true value in the marketplace." Id.

Critically, de la Hoya reached each conclusion from the contract documents and not from any inquiry into negotiating intent requiring a trial. The single operative fact under de la Hoya is temporal: whether there was ever an interval in which no agreement bound the employee. The incorporated agreements establish that there was none, and the Court found that this chronology is "consistent with the contracts themselves." (Dkt. 58, p. 8).

The freedom standard is not a judicial invention of the de la Hoya court. It is confirmed by the Legislature's own deliberations when it amended Section 2855 in 1987. As de la Hoya recounts, the recording industry sought two concessions. The first was a notice-and-damages framework permitting record companies to recover for undelivered recordings when an artist leaves after seven years, now codified as Section 2855(b). The second was a proposed provision that would have allowed a "new" contract to restart the seven-year clock, defining a new contract to include any agreement that "supersedes, amends, modifies, extends, or supplements" the existing contract. (RJN Ex. A[1]). The Legislature enacted the first concession and rejected the second. (RJN Exs. A, E-G). Throughout, the committee analyses uniformly described existing law, anchored in De Havilland and Motown Record Corp. v. Brockert, 160 Cal. App. 3d 123 (1984), as already aggregating successive contracts toward the seven-year limit, and described the proposed clock-restart provision as one that would change

---

[1] Movants filed a Request For Judicial Notice ("RJN") concurrently herewith with Exhibits A-H referenced in this paragraph.

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

that law. (RJN Exs. B-D). And the Legislative Counsel's January 29, 1987 opinion advised that omitting the provision supports construing § 2855 against clock-restart, because "[t]he rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision." *Rich v. State Bd. of Optometry*, 235 Cal. App. 2d 591, 607 (1965); (RJN Ex. H); *see also de la Hoya*, 2001 WL 34624886, at *13 (recounting this same legislative history).

Rancho gave two answers to this record on the motion to dismiss and is likely to renew them here: first, that a disclaimer in the 1987 enactment bars any reliance on the amendment's history; and second, that the rejected clock-restart language was too sweeping to support any inference. Neither withstands scrutiny.

Rancho's first answer is the disclaimer, which states that "[t]he Legislature does not intend that the provisions of this act support any inference about the meaning of Section 2855 of the Labor Code prior to the operative date of this act." (Stats., 1987, ch. 591.) The disclaimer does not reach this record. It forecloses *inferences* about the statute's meaning, but the committee analyses require no inference at all: they are contemporaneous, black-and-white statements of what the Legislature understood the governing law already to be, and *de la Hoya* reached the same reading in construing the post-amendment statute. And to the extent the Fuerza Parties do draw an inference, it draws it from the Legislature's *rejection* of the clock-restart language, from what the Legislature *declined* to make a provision of the act, not from any enacted "provision of this act" the disclaimer addresses. As the Legislative Counsel advised and *Rich* holds, that rejection supports construing Section 2855 against clock-restart, and the California Supreme Court applies the same rejected-amendment canon. S*ee People v. Soto*, 51 Cal. 4th 229, 245 (2011).

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

Rancho's second answer is that the rejected provision was too sweeping to support any inference because it would have restarted the clock for any agreement that "supersedes, amends, modifies, extends, or supplements" the existing contract, and that its defeat therefore shows only that the Legislature declined a mechanical always-restart rule, leaving room for *Manchester*'s fact-specific test. That argument fails, as the breadth of the rejected language cuts against Rancho, not for it: the deleted provision would have permitted a restart on exactly the kind of superseding and amending papers at issue here, and by striking it the Legislature refused to let those instruments restart the clock. And Rancho cannot discount the rejection as one that may have failed for reasons unrelated to the merits, or because existing law was thought to already cover it: the committee analyses show the Legislature understood existing law to aggregate successive contracts and understood the proposal as one that would change the law, so the deletion reflects a considered choice to preserve the aggregation status quo.

## VI.    *Manchester* and *Netflix* Cannot Be Squared with the Statute's Text and History

Rancho's position rests on *Manchester*, but *Manchester* cannot supply the governing rule, for two independent reasons rooted in what the decision was and when it was issued. First, its Section 2855 analysis was not the ground of decision. *Manchester* was, at bottom, a forum-selection case: the court dismissed the claim on the 1973 contract for failure to sue in the contractually designated New York forum, and reached Section 2855 only secondarily, in connection with a separate 1976 option contract. *Manchester*, 1981 U.S. Dist. LEXIS 18642, at 11, 17-20. Second, and decisively, it predates the 1985-1987 legislative record that fixes the statute's meaning; a 1981 decision could not have weighed a history that did not yet exist. *de la Hoya*,

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

decided in 2001 on closely analogous facts, applies the post-amendment standard the Legislature ratified; *Manchester* does not.

*Netflix* adds nothing for Rancho. *Twentieth Century Fox Film Corp. v. Netflix, Inc.*, No. SC126423 (L.A. Super. Ct. June 5, 2019), is an unpublished, non-binding trial-court order on a § 17200 summary-adjudication motion involving ordinary fixed-term employees. Its preference for *Manchester* over *de la Hoya* is wrong on several grounds.

*Netflix*'s narrow reading of *de la Hoya*, that the case concerns only "merely amending a contract," not superseding agreements, is drawn directly from Netflix's brief and is mistaken: *de la Hoya* held that mid-term agreements "do not restart the seven-year period even if they are labeled as 'amendments or superseding agreements.'" By suggesting that a superseding agreement *would* restart the clock, *Netflix* inverts the very holding it purports to summarize. And its assessment that *Manchester* is "better reasoned than *de la Hoya*" cannot account for the chronology: *Manchester* (1981) preceded the 1985-1987 legislative record that bears most directly on the question, while *de la Hoya* (2001) was decided in light of it.

Because *Manchester* does not govern, the Fuerza Parties need not satisfy the fact-laden inquiry that framework would require, and that is what makes the present posture decisive. At the 12(b)(6) stage, the claim survived under both lines of reasoning, so the Court could leave the choice open. It cannot now because the Court cannot resolve this Motion, grant or deny, without deciding which standard governs. Under the standard reflected in the binding *De Havilland* decision and applied in *de la Hoya*, the admitted overlap entitles the Fuerza Parties to judgment as a matter of law. If the Court instead concludes that Manchester's fact-bound test governs, or that the choice between the two standards is unsettled, the appropriate course is not to deny the

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

Motion and order discovery but to deny the Motion and certify the controlling question for interlocutory appeal, as explained below.

## VII.    Exercising Supplemental Jurisdiction Over This State-Law Claim, the Court Must Apply California Law as the California Supreme Court Would, and California's Text, Published Authority, and Public Policy All Favor Aggregation.

This declaratory-relief claim arises under California Labor Code § 2855, and the Court adjudicates it in the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 alongside the parties' federal claims. *Erie*'s principles apply equally whether the Court's jurisdiction is founded on diversity or is supplemental, so the Court applies California substantive law to this claim. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Its task is therefore to apply the statute as the California Supreme Court would; where that court has not decided the question, the Court must predict how it would rule, giving controlling weight to the statute's text and to published California Court of Appeal decisions absent convincing evidence the California Supreme Court would decide otherwise. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001); *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). The Court's Order recognized the vacuum this predictive task must fill, finding no Ninth Circuit authority on point and observing that the California Supreme Court "has not addressed this issue." (Dkt. 58, Order at 7 & n.8.) That prediction points one way: the controlling published authority is *De Havilland* and *Foxx v. Williams*, 244 Cal. App. 2d 223, 242-43 (Ct. App. 1966) ("*Foxx*"), not the unpublished trial-court orders Rancho invokes. *De Havilland* holds that § 2855 is measured in seven calendar years from commencement, that its terms are "mandatory," and that the right it secures is "created in the public interest" and "could not be waived." *De Havilland*, 67 Cal.

16    Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

App. 2d at 232, 235-237. *Foxx* confirms that § 2855 reaches recording artists and that a label cannot escape the statute by relabeling the artist: the court held that contract language recasting the artist as a producer-seller was "for accounting purposes only" and did not alter the employer-employee relationship subject to the seven-year limit. *Foxx*, 244 Cal. App. 2d at 242-43. These published California appellate decisions govern an Erie court absent convincing evidence that the California Supreme Court would decide otherwise. *Manchester* and *Netflix*, by contrast, are unpublished federal orders entitled only to the persuasive weight of their reasoning.

California's public policy resolves any residual doubt in favor of aggregation. Section 2855 protects the worker's liberty to reenter the market, a protection the Legislature made non-waivable precisely so it could not be bargained away, however generous the consideration. *De Havilland*, 67 Cal. App. 2d at 235-237. A rule permitting a label to reset the seven-year clock by having a continuously bound artist sign successive papers would let private agreement do what the statute forbids, turning a non-waivable protection into a term any label could contract around. An *Erie* court should not attribute to the California Supreme Court a construction that would nullify the statute's central purpose. Predicting California law faithfully, the Court should apply the aggregation rule reflected in *De Havilland* and applied in *de la Hoya*, under which the admitted, uninterrupted overlap here is dispositive

## VIII. The Incorporated Contracts Establish That the Fuerza Parties Were Never Free, and Rancho's Separate-Agreement, Consideration, and Validity Arguments Do Not Create a Triable Dispute

The dates are documentary and, as to the decisive one, recognized by the Court from the incorporated agreements. The Fuerza Parties commenced service on February 2, 2018. (Dkt. No. 58, Order at 4.) The 2021 Recording Agreement was executed on December 30, 2021, while the 2018 Agreement remained in force. (*Id.* at 4.) The 2022

17                                    Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

Settlement did not terminate the 2018 Agreement until January 1, 2022, a day after the 2021 Agreement was already operative. (*Id.* at 5.) A further amendment extended the term into 2027. (*Id.* at 5.) Because the 2021 Agreement preceded the termination of the 2018 Agreement, the Court recognized that this overlap is "consistent with the contracts themselves," observing that the Fuerza Parties were "briefly simultaneously under two exclusive personal services obligations at the same time by the same label." (*Id.* at 8.) There was no interval of freedom, and under *de la Hoya* no discovery could manufacture one.

Rancho's contrary arguments, pressed in its motion to dismiss papers and now pleaded as affirmative defenses in its Answer, do not preclude judgment because they are immaterial under the *De Havilland/de la Hoya* standard that California public policy requires. Rancho contends that the 2021 Recording Agreement and 2022 Settlement are "separate agreements, supported by independent consideration and containing materially different terms" that worked a "novation" and "commenced a new period of service." (Answer, Twenty-Seventh & Thirty-First Affirmative Defenses.) Those defenses rest on undisputed features of the incorporated agreements, including the $300,000 signing bonus and integration and merger clause in the 2021 Recording Agreement, and the $1,800,000 Settlement Sum, mutual general releases, and Civil Code § 1542 waiver in the 2022 Settlement. These features are real, but they are legal characterizations of undisputed documents, not disputed facts, and whether a later document is labeled an amendment, a settlement, a novation, or a superseding agreement is the very distinction *de la Hoya* held irrelevant. *de* la *Hoya*, 2001 WL 34624886, at *12.* The incorporation-by-reference doctrine on which Rancho itself relies permits the Court to disregard characterizations contradicted by an incorporated contract, Sprewell*, 266 F.3d at 988, and here the contracts confirm the dispositive

---

18        Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

overlap. It is Rancho's characterization of the documents, not the Fuerza Parties', that they contradict.

Rancho's reliance on the money it paid fares no better. Section 2855 asks not whether the Fuerza Parties were paid fairly but whether the Fuerza Parties were free, *De Havilland,* 67 Cal. App. 2d at 235, and a bound artist's compensation measures only what the single label already holding it would pay, not the artist's market value. For the same reason, Rancho's estoppel, waiver, ratification, and acceptance-of-benefits defenses (Answer, Fifth, Sixth, Twenty-Eighth & Thirty-Second Affirmative Defenses) fail as a matter of law. The § 2855 right is "created in the public interest" and "could not be waived," *Id.* at 235-237, so it cannot be surrendered by accepting consideration or recaptured through estoppel or ratification, *see Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 100 (2000). Were it otherwise, § 2855 would be repealable by any label with a deep enough checkbook.

Rancho's remaining points do not change the analysis. That the Fuerza Parties pled the agreements are "valid" is no admission foreclosing the claim: § 2855 does not void the agreements ab initio but caps the enforceability of the personal-services obligations at seven years, so the Fuerza Parties may accept that the agreements are valid while maintaining that those obligations became unenforceable on February 1, 2025.

Nor does Rancho's Thirtieth Affirmative Defense, which attacks the Artists' March 5, 2026, notice, bar the requested declaration. Section 2855(b)(1) requires only that a recording artist give written notice specifying a future date certain after which the artist "will no longer render service under the contract by reason of subdivision (a)." The March 5, 2026, notice does exactly that, stating that "effective March 9, 2026, the Artist will no longer render recording or other personal services to Rancho … by reason of Labor Code § 2855(a)." Rancho's contention that the notice came too late

19

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

misapprehends the statute: subdivision (b)(1) governs the timing of the artist's departure, not the date on which the seven-year cap attaches under subdivision (a), which runs from the commencement of service regardless of when notice issues. The obligations therefore became unenforceable no later than February 1, 2025. At a minimum, and in the alternative, the notice fixes March 9, 2026, as the date after which the Artists are free, and the Court may declare the obligations unenforceable as of that date. The Fuerza Parties do not ask the Court to adjudicate whether all required recordings were delivered, and this Motion does not seek to foreclose any damages remedy Rancho may have under § 2855(b)(3); that remedy sounds in damages and does not authorize continued enforcement of personal services beyond the statutory cap.

Finally, that the 2022 Settlement recited a "termination" of the 2018 Agreement, backed by a settlement sum and mutual releases, changes nothing. A novation is only a private substituted contract, and a right "created in the public interest cannot be waived" by private agreement, however labeled and however generous its consideration. *De Havilland*, 67 Cal. App. 2d at 235–237. Nor could the termination create the missing interval of freedom because it took effect January 1, 2022, a day *after* the 2021 Agreement was already binding, so on the Court's own finding it started no new seven-year term.

## IX.    No Alleged Breach and No Appeal to Equity Can Toll the Seven-Year Clock.

Rancho cannot buy time by recasting Fuerza's alleged breaches as a toll. Section 2855 runs in seven *calendar* years from commencement of service, "not years of actual service." *De Havilland*, 67 Cal. App. 2d at 232. *De Havilland* rejected precisely this device: Warner Bros. suspended the actress for refusing roles and extended her term by each suspension, yet the Court of Appeal held those extensions "ineffective to bind

---

20    Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

her beyond … seven years after her services commenced," and refused to let the employer convert the artist's own conduct into a waiver of a non-waivable right. *Id.* at 232, 235–237. If a bargained suspend-and-extend clause cannot toll the clock, Rancho's unbargained breach theory cannot either.

Equitable tolling fails for the same reason and one more. The seven-year cap is mandatory—"[t]he words 'may not' … are mandatory," and confer no "discretionary power upon the courts." *Id.* at 232. A court cannot equitably lengthen a ceiling the Legislature made non-discretionary and non-waivable. The California Supreme Court confirmed the point in *Autry v. Republic Productions, Inc.*, 30 Cal. 2d 144 (1947): even where military service genuinely suspended performance, the judgment expressly *excluded* the performer's § 2855 rights, and the Court treated equitable revival as a doctrine that protects the artist, not one that enlarges the employer's reach. *Id.* at 148, 155–156. Whatever remedy Fuerza's alleged breaches might give Rancho, § 2855(b) supplies it as a damages action—not as more years of exclusivity.

## X.   Section 2855(b) Confirms That Continued Enforcement Is the Remedy the Legislature Withheld.

When the recorded music industry sought relief from the seven-year limit, the Legislature answered with § 2855(b): a notice-and-damages regime. Cal. Lab. Code § 2855(b). A recording artist who wishes to leave at the seven-year mark must first give the employer written notice of a date certain after which the artist "will no longer render service under the contract by reason of subdivision (a)." *Id*. § 2855(b)(1). If the artist then fails to deliver a contracted quantity of recordings before that date, the damaged party "shall have the right to recover damages for each phonorecord" not produced. *Id*. § 2855(b)(3).

What § 2855(b) conspicuously does not give the label is the right to keep the artist. Presented with the industry's concern that the seven-year limit cut short its

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

recoupment of the investment it makes in developing artists, the Legislature responded with money, not continued service.

**XI.    In the Alternative, the Court Should Deny the Motion and Certify the Controlling Question Under 28 U.S.C. § 1292(b).**

If the Court concludes it cannot enter judgment either because the governing framework is unsettled, or because it believes that the *Manchester* standard applies, it should deny the Motion and certify for interlocutory appeal, under 28 U.S.C. § 1292(b), the controlling question: whether, under § 2855, successive personal-services agreements executed without any interval of freedom are aggregated (*de la Hoya*) or may instead restart the seven-year period based on the circumstances of their formation (*Manchester*). All three requirements for interlocutory appeal are met.

The question is controlling. Its resolution determines whether the Fuerza Parties' personal-services obligations expired on February 1, 2025, and thus governs the Second Cause of Action and shapes the surviving counterclaims that turn on the same conduct. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). There is substantial ground for difference of opinion. The question presents a square conflict between two developed lines of authority: the De Havilland and de *la Hoya* standard and the *Manchester* circumstances test which this Court has already found "inconsistent," and which no Ninth Circuit or California Supreme Court decision resolves. (Dkt. 58, Order at 7.)

Most consequentially, an immediate appeal would materially advance the ultimate termination of the litigation. *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Because the *Manchester* framework Rancho urges is fact-driven, a denial without certification would send the parties into discovery on the negotiation of four separate agreements, then summary judgment, then potentially trial, all on a controlling legal question that, being unsettled, would be appealed at the end

22                                          Case No.  2:25-cv-10059 HDV (AJRx)

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

regardless. Certification avoids that detour and fixes the answer once. That inversion of the ordinary sequence is precisely the problem: absent certification, appellate review of this controlling question would come only at the end of the case, and only after a decision against the Fuerza Parties on the very personal-services obligations they contend expired in 2025. The Fuerza Parties would first be compelled through years of discovery and trial under the *Manchester* framework, held to the exclusivity the statute forbids, and only then, after an adverse final judgment, could they obtain review of the standard that should have governed from the outset. No later reversal could return the years of time-sensitive, career-defining opportunities lost while the wrong standard was applied. Certifying now places the single controlling question before the Ninth Circuit before that irreparable interval elapses, rather than after an adverse judgment forces the very appeal the parties will take regardless. Because the question is one of unsettled California law that could determine the outcome and on which there is no controlling precedent, it is also a candidate for resolution by the California Supreme Court on a request from the Court of Appeals. *See* Cal. R. Ct. 8.548(a).

The stakes make immediate resolution imperative. Rancho is asserting the very personal-services obligations at issue to block Fuerza from time-sensitive, career-defining opportunities (the record identifies the MLB World Baseball Classic, the FIFA World Cup soundtrack, and the Latin Grammy Awards), among others. (Fuerza's Opposition to Motion to Dismiss at 8; Dkt. 58, Order at 2). Each is irreplaceable and every month this question remains open inflicts losses that no later money judgment can undo. The Court has already recognized that a declaration on the § 2855 issue would allow the Fuerza Parties to reassure third parties and proceed without awaiting Rancho's participation or consent. (Dkt. 58, at 6). That relief should not have to await years of discovery on a question the Court can resolve now, or that the Court of Appeals can resolve on immediate review.

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

The Fuerza Parties recognize that certification is committed to the Court's discretion and that the Court of Appeals must separately permit any appeal. *In re Cement*, 673 F.2d at 1026. The Fuerza Parties request the requisite written findings only in the alternative, if the Court declines to enter judgment on the pleadings.

## XII.    CONCLUSION

The Fuerza Parties commenced service on February 2, 2018, and remained continuously bound, without an interval of freedom, through and beyond February 1, 2025. On the incorporated contracts, and under the standard set by the binding *De Havilland* decision and applied in *de la Hoya*, the personal-services obligations became unenforceable on that date as a matter of law. The Court should enter judgment on the Second Cause of Action and declare that the obligations of exclusivity, the recording and delivery of future product, the live-performance restrictions, the approval and consent rights, and the restrictions on the individual Artists' ability to record and perform for others are void and unenforceable beyond February 1, 2025 (or, in the alternative, beyond March 9, 2026, the date certain specified in the Artists' § 2855(b)(1) notice), leaving unaffected the ownership of existing master recordings and the royalty, accounting, recoupment, reversion, and release provisions that survive by their own terms. This declaration does not foreclose any remedy Rancho may have for undelivered recordings under § 2855(b)(3). No superseding label, no alleged breach, and no appeal to equity can lift a ceiling the Legislature fixed in calendar years and made non-waivable. *De Havilland*, 67 Cal. App. 2d at 232, 235–237.

In the alternative, the Court should deny the Motion and certify the controlling

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**

§ 2855 question under 28 U.S.C. § 1292(b).

DATED:      August 7, 2026              FREUNDLICH LAW, APC

                                        BY: */s/ Kenneth D. Freundlich*
                                        Kenneth D. Freundlich

                                        *Attorneys for* Defendants and
                                        Counterclaimants FUERZA REGIDA CORP.,
                                        JESUS ORTIZ PAZ, SAMUEL JAIMEZ,
                                        KHRYSTIAN RAMOS and JOSE GARCIA

                                        MOSLEY AND ASSOCIATES
                                        BY: */s/ Walter Mosley*
                                        Walter Mosley, Esq. (SBN: 244169)

                                        *Co-Counsel for Defendants Fuerza Regida*
                                        *Corp. Jesus Ortiz Paz, Samuel Jaimez,*
                                        *Khrystian Ramos And Jose Garcia*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants and Counterclaimants Fuerza Regida Corp., Jesus Ortiz Paz, Samuel Jaimez, Khrystian Ramos, and Jose Garcia, certifies that this brief contains 5,605 words, which complies with the word limit of L.R. 11-6.1. The undersigned further certifies that the brief does not exceed 25 pages and therefore conforms with the page limit set by the Court's standing Order.

DATED:      August 7, 2026              FREUNDLICH LAW, APC

                                        BY: */s/ Kenneth D. Freundlich*
                                        Kenneth D. Freundlich

                                        *Attorneys for* Defendants and
                                        Counterclaimants FUERZA REGIDA CORP.,
                                        JESUS ORTIZ PAZ, SAMUEL JAIMEZ,
                                        KHRYSTIAN RAMOS and JOSE GARCIA

**FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**