SINGH, SINGH & TRAUBEN, LLP
THOMAS K. RICHARDS (SBN: 310209)
trichards@singhtraubenlaw.com
MICHAEL A. TRAUBEN (SBN: 277557)
mtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

***Attorneys for Plaintiff/Counter-Defendant***
RANCHO HUMILDE ENTERTAINMENT, LLC *and*
***Third-Party Defendants*** HUMBLE TALENT AGENCY, INC. and
CINQ MUSIC GROUP, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **2:25-cv-10059 HDV (AJRx)**<br><br>The Honorable Hernán D. Vera<br>Courtroom 5B<br><br>**PLAINTIFF / COUNTER-DEFENDANT RANCHO HUMILDE ENTERTAINMENT, LLC'S OPPOSITION TO FUERZA REGIDA CORP., JESUS ORTIZ PAZ, SAMUEL JAIMEZ, KHRYSTIAN RAMOS, AND JOSE GARCIA'S MOTION FOR JUDGMENT ON THE PLEADINGS ON THE SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF UNDER CALIFORNIA LABOR CODE § 2855**<br><br>[Filed concurrently with Objections to Request for Judicial Notice; Request for Judicial Notice; and [Proposed] Order]<br><br>**Hearing Date:** October 1, 2026<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 5B |

FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual )

Counterclaimants, )

v. )

RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, CINQ MUSIC GROUP, LLC, a California limited liability company, HUMBLE TALENT AGENCY, LLC, a California limited liability company, and ROES 1 through 10 inclusive, )

Counterclaim Defendants. )

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. A CLAIMANT MOVING UNDER RULE 12(c) MUST PREVAIL ON THE OPPOSING PARTY'S PLEADING ..... 2

III. THE ANSWER DENIES THE ALLEGATION ON WHICH THE SECOND CAUSE OF ACTION DEPENDS ..... 3

- A. Paragraphs 29 Through 32 Are Denied Outright ..... 3
- B. The Answer Does Not "Admit the Chronology" ..... 4
- C. The Affirmative Defenses Independently Bar Judgment on the Pleadings ..... 5

IV. THE FUERZA PARTIES TOLD THE COURT THAT THIS INQUIRY IS FACT-BOUND 5

- A. What the Fuerza Parties Told the Court in May and June 2026 ..... 6
- B. The Court Adopted That Position ..... 7
- C. What the Fuerza Parties Now Tell the Court ..... 7
- D. The Fuerza Parties May Not Recast the Precise Inquiry They Asked the Court to Adopt ..... 7

V. RANCHO'S JUNE 18, 2026 POSITION IS NOT TO THE CONTRARY ..... 9

VI. A NEW PERIOD OF SERVICE TURNS ON INTENT AND CANNOT BE DECIDED ON THE PLEADINGS ..... 9

VII. NO PUBLISHED CALIFORNIA DECISION REQUIRES AGGREGATION ..... 11

VIII. SECTION 2855(b)(1) BARS THE RETROACTIVE DECLARATION THE MOTION SEEKS ..... 13

IX. THE LEGISLATIVE HISTORY CANNOT BEAR THE WEIGHT THE MOTION PLACES ON IT ..... 14

X. FRC IS NOT "THE EMPLOYEE" ..... 15

XI. THE ALTERNATIVE REQUEST FOR CERTIFICATION UNDER SECTION 1292(b) SHOULD BE DENIED ..... 16

- A. The Question Is Not a Pure Question of Law ..... 16
- B. There Is No Substantial Ground for Difference of Opinion on a Question the Court Has Not Decided ..... 17
- C. An Immediate Appeal Would Not Materially Advance Termination of a Case Set for Trial on Every Other Claim ..... 18
- D. Asserted Urgency Is Not a Section 1292(b) Element ..... 18

XII. CONCLUSION ..... 19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674 (7th Cir. 2000)....16

*Alexander v. Angel*, 37 Cal. 2d 856 (1951)....10

*Autry v. Republic Prods., Inc.*, 30 Cal. 2d 144 (1947)....12

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010)....16, 17, 19

*De Haviland v. Warner Bros. Pictures, Inc.*, 67 Cal. App. 2d 225 (1944)....9, 12

*De La Hoya v. Top Rank, Inc.*, No. CV 00–9230, 2001 WL 34624886 (C.D. Cal. Feb. 6, 2001).... passim

*Dekker v. Vivint Solar, Inc.*, 542 F. Supp. 3d 959 (N.D. Cal. 2021)....8

*Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889 (C.D. Cal. 2015)....18

*Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075 (9th Cir. 2005)....10

*Fenters v. Chevron*, 761 F. Supp. 2d 957 (E.D. Cal. 2010)....18

*Foxx v. Williams*, 244 Cal. App. 2d 223 (1966)....12

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228 (9th Cir. 1989)....3, 5

*Granberry v. Islay Invs.*, 9 Cal. 4th 738 (1995)....15

*Grupe Dev. Co. v. Superior Court*, 4 Cal. 4th 911 (1993)....15

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1989)....1, 2, 3, 4, 9, 19

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001)....8

*In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir. 1982)....16

*Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166, 2010 WL 743750 (S.D. Cal. Feb. 25, 2010)....18

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)....5

*Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345 (9th Cir. 1974)....13

*Manchester v. Arista Records, Inc.*, No. CV 81-2134-RJK, 1981 U.S. Dist. LEXIS 18642 (C.D. Cal. Sept. 15, 1981).... passim

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2004)....16

*M.G. v. Metro. Interpreters & Translators, Inc.*, 85 F. Supp. 3d 1195 (S.D. Cal. 2015)....17

*Motown Record Corp. v. Brockert*, 160 Cal. App. 3d 123 (1984)....12, 14

*New Hampshire v. Maine*, 532 U.S. 742 (2001)....8

*People v. Soto*, 51 Cal. 4th 229 (2011) ....................15

*Quintano v. Mercury Cas. Co.*, 11 Cal. 4th 1049 (1995)....................15

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011)....................17

*Rich v. State Bd. of Optometry*, 235 Cal. App. 2d 591 (1965)....................15

*Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347 (9th Cir. 1988) ....................18

*Silverbrand v. Cnty. of Los Angeles*, 46 Cal. 4th 106 (2009) ....................15

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ....................5

*Twentieth Century Fox Film Corp. v. Netflix, Inc.*, No. SC126423 (L.A. Super. Ct. June 5, 2019) ....................6, 13

*U.S. Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966) ....................18

*Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002 (N.D. Cal. 2024)....................18

*Warner Bros. Pictures, Inc. v. Brodel*, 31 Cal. 2d 766 (1948) ....................12

**Statutes**

28 U.S.C. § 1292(b) ....................2, 16, 17, 18, 19

Cal. Civ. Code §§ 1530-1532 ....................10

Cal. Civ. Code § 1542....................1, 5, 10

Cal. Civ. Code § 3423....................12

Cal. Code Civ. Proc. § 1020 ....................13

Cal. Lab. Code § 2855 .................... passim

Stats. 1987, ch. 591 ....................14, 15

**Rules**

Fed. R. App. P. 5(a)(3)....................16

Fed. R. Civ. P. 12(b)(6)....................1, 4, 6, 9

Fed. R. Civ. P. 12(c) ....................1, 2, 8, 9

Fed. R. Civ. P. 12(d) ....................3

C.D. Cal. L.R. 7-18 ....................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Fuerza Regida Corp. ("**FRC**") and the individual counterclaimants (the "**Artists**") (collectively, the "**Fuerza Parties**") move under Rule 12(c) for judgment on their own counterclaim. That posture decides the Motion. When the claimant moves for judgment on the pleadings, the Court accepts the opposing party's allegations as true and treats the movant's denied allegations as false. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Motion concedes the point. [Mot. at 9]. In the Answer filed by Rancho Humilde Entertainment, LLC ("**Rancho**"), Rancho denies the allegation on which the Second Cause of Action depends: that the Artists were "never free from a binding personal services obligation" and that the 2021 and 2022 instruments were "a single unified transaction." [Counterclaims ¶¶ 29-32; Answer ¶¶ 29-32]. It further pleads that the 2022 Settlement terminated the 2018 Agreement, that the 2021 Agreement is a separate contract supported by independent consideration, and that those instruments worked a novation and commenced a new period of service. Answer, Twenty-Seventh and Thirty-First Affirmative Defenses. Under the case the Fuerza Parties cite for the standard, those denials and defenses end the Motion.[1]

The Fuerza Parties' answer is that none of this matters because the Motion presents "a single question of law." [Mot. at 7]. That is not what they told this Court when they needed the Second Cause of Action to survive. In their written opposition they said that even under *Manchester* the inquiry "turns on facts about the parties' purposes, the negotiation history, the structure of compensation, and the timing of execution," that "[t]hat kind of inquiry cannot be resolved on a Rule 12(b)(6) motion," and that "discovery is required." [ECF 49 at 18-19]. At the June 18 hearing they repeated it: if *Manchester* supplies the framework, "we need discovery, we need to go forward," [ECF 67, June 18, 2026 Hearing Transcript ("**Tr.**") 17:13-14]; "Manchester is a factually intensive inquiry,"

---

[1] Exhibits 1 through 4 to the Counterclaims are cited as the 2018 Agreement, 2021 Agreement, 2022 Settlement, and 2022 Amendment.

SINGH, SINGH & TRAUBEN, LLP

[Tr. 21:24-22:2]; and on intent, "we don't have any discovery, I get to do that and find out what the intent really was," [Tr. 21:19-21]. The Court agreed. It declined to choose between the frameworks, held that "the analysis that *Manchester* prescribes is fact-bound," and found that it "does not now have all of the facts regarding the circumstances of their negotiation." [ECF 58, Court Order on Rancho's Motion to Dismiss ("**Order**") at 8-9].

Nothing that would change that holding has happened since. The only new pleading is Rancho's Answer, and it denies the allegation on which the claim depends. They asked this Court to keep the claim alive so they could take discovery. Rancho served that discovery. They have not answered it. They moved for judgment on the pleadings instead, on the same instruments the Court already held were not enough.

The Motion fares no better on the law. No published California decision holds that successive, separately negotiated agreements aggregate toward the seven-year limit. The legislative history the Motion invokes is the history of a vetoed bill and of an enacted statute whose section 2 forbids the inference the Motion draws. Section 2855(b)(1), which the Fuerza Parties invoked by a notice specifying March 9, 2026, does not permit a declaration that their obligations expired thirteen months earlier. And the alternative request under 28 U.S.C. § 1292(b) asks the Ninth Circuit to answer a question the Fuerza Parties themselves frame as turning on "the circumstances of [the agreements'] formation," [Mot. at 22], before any discovery into those circumstances has occurred, and to stay the entire case while that appeal is pending. [ECF 61-1 at 3].

## II. A CLAIMANT MOVING UNDER RULE 12(c) MUST PREVAIL ON THE OPPOSING PARTY'S PLEADING

Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach*, 896 F.2d at 1550. "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." (*Id.*). *Hal Roach* is the Fuerza Parties' own authority, [Mot. at 9], and its posture is this one. A

SINGH, SINGH & TRAUBEN, LLP

declaratory-relief plaintiff obtained judgment on the pleadings on its own claim; the Ninth Circuit reversed because the answer "expressly denied" a factual allegation essential to the claim, so that "looking solely to the pleadings," the plaintiff could not establish its entitlement to relief. 896 F.2d at 1550.[2]

The rule for a claimant-movant is settled: "[a] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (reversing judgment on the pleadings entered for plaintiff).

## III. THE ANSWER DENIES THE ALLEGATION ON WHICH THE SECOND CAUSE OF ACTION DEPENDS

### A. Paragraphs 29 Through 32 Are Denied Outright

The Second Cause of Action rests on four factual allegations: that "[b]ecause of the sequencing of the 2021 Transaction with the termination of the 2018 Recording Agreement, the Artist was never free from a binding personal services obligation," Counterclaims ¶ 29; that the Artists were never "permitted to seek or negotiate alternative employment," *id.* ¶ 30; that the 2021 Agreement was entered "under the coercive shadow" of the 2018 obligation, *id.* ¶ 31; and that the 2021 Agreement and the termination of the 2018 Agreement "constitute a single unified transaction" that "was designed" to prevent a new seven-year period from commencing, *id.* ¶ 32. The Answer denies each. Answer ¶¶ 29-32. It also denies the Second Cause of Action's allegations that the obligations have "been continuous and uninterrupted since February 2, 2018" and that no intervening agreement "reset the seven-year clock." [Counterclaims ¶ 97(a)-(b); Answer ¶¶ 96-99]. On this Motion the Fuerza Parties are the movants on their own claim, so the allegations their

---

[2] Judgment on the pleadings "is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach*, 896 F.2d at 1550; Fed. R. Civ. P. 12(d).

Answer denials contest are assumed false. *Hal Roach*, 896 F.2d at 1550. The "never free" theory therefore cannot be established on the pleadings, under either framework the Court left open.

The Court's observation in July that the "never free" allegation was "plausible" and "consistent with the contracts themselves," [Order at 8], was a Rule 12(b)(6) determination about the Fuerza Parties' allegations, made before Rancho had answered and under a standard that required the Court to accept those allegations as true. (*Id.* at 4 n.4). Plausibility is not proof, and consistency with the contracts is not establishment by the contracts.

**B. The Answer Does Not "Admit the Chronology"**

The Motion asserts that "Rancho now admits the chronology" and cites paragraphs 22, 25 through 27, and 33. [Mot. at 9]. Each of those paragraphs admits that an instrument was entered into "on or about" a stated date, states that the instrument "speaks for itself," objects to the Fuerza Parties' characterizations, and denies "the remaining allegations." [Answer ¶¶ 22, 25, 26, 27, 33]. Paragraph 27 admits that the parties "formally terminated the prior agreements, and replaced them with the 2021 agreement," and denies everything else. That is an admission that the 2018 Agreement was terminated and replaced, not that the Artists were continuously bound, that there was no interval of freedom, or that the instruments were a single transaction.

The "overlap" on which the Motion rests is an inference from effective dates, not a pleaded fact. The 2021 Agreement is "[e]ffective December 30, 2021," and the 2022 Settlement is dated "as of January 1, 2022." [Order at 4-5; 2022 Settlement at 1]. But the 2021 Agreement recites that the Settlement is "being concurrently entered into." The 2021 Agreement recites that the Settlement is "dated of even date herewith" and is "being concurrently entered into." 2021 Agreement ¶ 5B.01 [ECF 41-2]. The Settlement provides that "[c]oncurrently with the execution of this Agreement" the parties "shall enter into a new recording agreement," and that "the effectiveness of this Agreement is contingent upon FRC and RHE entering into the NRA." 2022 Settlement ¶ 3 [ECF 41-3]. The order in which the instruments were signed, whether either date was fixed retroactively, and

whether the instruments closed as one transaction are not facts the pleadings establish. Incorporation by reference permits the Court to read the instruments; it does not permit the Court to resolve a disputed inference about their formation against the party whose denials control on this Motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018) ("the prohibition against resolving factual disputes at the pleading stage"). *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), concerns a pleader's own conclusory allegations contradicted by an exhibit the pleader attached; it does not convert an answering party's denials into admissions.

### C. The Affirmative Defenses Independently Bar Judgment on the Pleadings

The Answer also pleads affirmative defenses that "will usually bar judgment on the pleadings." *Gen. Conference*, 887 F.2d at 230. The Twenty-Seventh alleges that the 2021 Agreement and 2022 Amendment "are separate agreements, supported by independent consideration and containing materially different terms," that the 2022 Settlement "formally terminated the 2018 agreement in its entirety, included mutual general releases and a Civil Code § 1542 waiver," and that "[t]hese instruments commenced a new period of service." [Answer at 26-27]. The Thirty-First alleges that the 2021 Agreement and 2022 Settlement "constituted a novation that extinguished the 2018 agreement and commenced a new, independent period." (*Id.* at 28). The Twenty-Ninth alleges that the agreements "remain in full force and effect," and the Thirtieth that the March 2026 notice is ineffective under section 2855(b). (*Id.* at 27-28).

## IV. THE FUERZA PARTIES TOLD THE COURT THAT THIS INQUIRY IS FACT-BOUND

The Motion's central premise is that the Court "cannot rule, grant or deny, without deciding which rule governs," and that if *Manchester* governs, "the answer is not years of discovery on a controlling legal question." [Mot. at 7-8]. Seven weeks earlier, on this same record, they told the Court the opposite, in both writing and at argument. They now ask the Court to proceed as if those representations had not been made. [ECF 67].

### A. What the Fuerza Parties Told the Court in May and June 2026

They first said it in their opposition to the motion to dismiss. Even if *Manchester* controlled, they wrote, whether the contracts "appear to have been entered into to avoid the application of section 2855" "turns on facts about the parties' purposes, the negotiation history, the structure of compensation, and the timing of execution." [ECF 49 at 18-19]. "That kind of inquiry cannot be resolved on a Rule 12(b)(6) motion." (*Id.*). "Even on Rancho's preferred framework, discovery is required and dismissal at the pleading stage is inappropriate." (*Id.* at 19).

They then said it to the Court. The Court asked whether the section 2855 issues "seem . . . fact bound" and whether it should decide "as a matter of pleading" whether the parties "really felt force[d]" by the absence of market alternatives. [Tr. 6:17-23]. It asked the Fuerza Parties whether "this is something I can just decide based on the papers." [Tr. 9:5-8]. They declined: "Well the issue is we don't have at the moment a countermotion." [Tr. 9:9-10]. They explained that "calling it a fact-based determination is Your Honor making a decision about whether the *Manchester* line of cases or *De La Hoya* governs," [Tr. 9:14-18], and told the Court what should happen under each framework:

> [Y]ou will find that the *Manchester*, *Netflix* thing with those facts has meaning in which case we need discovery, we need to go forward. So either way a motion to dismiss the second cause of action needs to be denied. It doesn't matter how we get there, every road leads you to the same place.

[Tr. 17:9-17]. They closed on the same point:

> And the last point is that if you do believe that *Manchester* is the test, then the whole issue is what's the intent? He keeps saying there was no intent to evade 2855, we don't have any discovery, I get to do that and find out what the intent really was. . . . It's not before you whether you should rule right now on *De La Hoya*, but it's certainly not a time for you to dismiss our claim based on either *De La Hoya* or *Manchester* given that *Manchester* is a factually intensive inquiry.

[Tr. 21:17-22:2].

### B. The Court Adopted That Position

The Order tracks the Fuerza Parties' prior argument. The Court declined to "decide between these cases at this stage," Order at 8; held that "the analysis that *Manchester* prescribes is fact-bound," *id.*; and concluded that it did "not now have all of the facts regarding the circumstances of their negotiation in order to determine whether there was an intent to avoid the application of section 2855," *id.* at 9.

### C. What the Fuerza Parties Now Tell the Court

Seven weeks later, on the same record, they filed this Motion. Their June position and their August position cannot be reconciled:

| June 18, 2026 [ECF 67] | August 7, 2026 [ECF 61] |
|---|---|
| "[I]f you do believe that *Manchester* is the test, then the whole issue is what's the intent? . . . [W]e don't have any discovery, I get to do that and find out what the intent really was." [Tr. 21:17-21]. | Rancho's novation and separate-agreement defenses "are legal characterizations of undisputed documents, not disputed facts." [Mot. at 18]. |
| Under *Manchester*, "we need discovery, we need to go forward." [Tr. 17:13-14]. | "[T]he answer is not years of discovery on a controlling legal question." [Mot. at 7]. |
| "*Manchester* is a factually intensive inquiry." [Tr. 21:24-22:2]. | "[T]he Fuerza Parties need not satisfy the fact-laden inquiry that framework would require." [Mot. at 15]. |
| "It's not before you whether you should rule right now on *De La Hoya*." [Tr. 21:23-24]. | "This Motion asks the Court to decide a single question of law." [Mot. at 7]. |
| Asked whether the Court could "just decide based on the papers": "Well the issue is we don't have at the moment a countermotion." [Tr. 9:5-10]. | The Court "cannot rule, grant or deny, without deciding which rule governs." [Mot. at 8]. |
| "[E]very road leads you to the same place." [Tr. 17:17];<br>"Even on Rancho's preferred framework, discovery is required and dismissal at the pleading stage is inappropriate." [ECF 49 at 19]. | "What the record will not support is a third path that defers this purely legal question to trial." [Mot. at 7]. |

### D. The Fuerza Parties May Not Recast the Precise Inquiry They Asked the Court to Adopt

The Court denied the motion to dismiss on the ground the Fuerza Parties urged. [Order at 8-9]. They represented to the Court that under *Manchester* the inquiry turns on

intent and the circumstances of negotiation, and that those facts were not yet in the record. Now, with the pleadings unchanged, they reverse course and ask the Court to treat that same inquiry as a pure question of law.[3]

The concerns of judicial estoppel are also presented. Courts consider whether a later position is "clearly inconsistent" with the earlier one, whether the party "has succeeded in persuading a court to accept that party's earlier position," and whether the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001). The second factor is satisfied in a way it often is not. The Fuerza Parties did not merely argue that the inquiry is fact-bound. They prevailed on it. [Order at 8-9].

The Motion is in substance a request to reconsider the July 9, 2026 Order. It presents the same question, on the same instruments, supported by the same authorities and legislative materials the Court considered in June, and argues that de la Hoya rather than Manchester must govern, the choice the Court expressly declined to make. [Order at 7-8]. Local Rule 7-18 confines reconsideration to new facts or law, or a manifest failure to consider material facts, and bars a motion that would "repeat any oral or written argument made in support of, or in opposition to, the original motion." None of those grounds is asserted, and courts decline to "entertain a motion for reconsideration in the guise of a Rule 12(c) motion." *Dekker v. Vivint Solar, Inc.*, 542 F. Supp. 3d 959, 967 (N.D. Cal. 2021) (Rule 12(c) motion that "renew[ed]" arguments rejected on an earlier motion sought to "circumvent" the reconsideration rule).

---

[3] What has changed is not the law. It is that Rancho has propounded the discovery they said the Court lacked. Beginning July 29, 2026, Rancho served four sets of document requests on each of the Fuerza Parties and, on August 21, 2026, interrogatories and requests for admission on FRC. Thus far, the Fuerza Parties have served no responses. Unanswered discovery does not supply the facts the Fuerza Parties claimed were missing. It leaves the record where they told the Court it was in June.

## V. RANCHO'S JUNE 18, 2026 POSITION IS NOT TO THE CONTRARY

On June 18, 2026, Rancho argued that "there is no fact issues on what the express language of those contracts are," [Tr. 6:25-7:1]; that the question was "the facial determination as to whether these are new contracts or a simple amendment," [Tr. 9:3-4]; and that "[t]he facts are all before the Court" and the question "doesn't require any further factual inquiry," [Tr. 20:7, 20:15]. Those statements do not concede this Motion, for three reasons.

First, the two motions run in opposite directions. On Rule 12(b)(6), Rancho accepted the Counterclaims' allegations as true and argued that, so accepted, they failed to state a claim. On this Rule 12(c) motion, the Fuerza Parties' denied allegations are assumed false, Rancho's defenses stand as pleaded, and the Fuerza Parties must establish an affirmative entitlement to a declaratory judgment on Rancho's pleading. *Hal Roach*, 896 F.2d at 1550. Contending that an opponent's allegations, taken as true, do not state a claim is not a concession that judgment may be entered against oneself on the pleadings.

Second, the pleadings were not closed on June 18. Rancho answered the Third Amended Counterclaims on July 23, 2026. [ECF 59]. The Motion is expressly premised on the pleadings having closed. [Mot. at 7-8]. The Fuerza Parties cannot invoke the closing of the pleadings as what makes the Motion ripe and simultaneously treat the record as unchanged since June.

Third, the Court resolved the point, and Rancho accepts the ruling. The Court declined to decide the section 2855 question on the pleadings. [Order at 9]. Rancho does not ask the Court to revisit that holding. The Fuerza Parties do.

## VI. A NEW PERIOD OF SERVICE TURNS ON INTENT AND CANNOT BE DECIDED ON THE PLEADINGS

Rancho's theory is not waiver. Rancho does not contend, and has never contended, that the Fuerza Parties prospectively waived section 2855, and it does not dispute that the right the statute confers "could not be waived." *De Haviland v. Warner Bros. Pictures, Inc.*, 67 Cal.App.2d 225, 237 (1944). Rancho's theory is that the 2018 Agreement was

extinguished and that a new period of service under a new contract commenced, so that the seven years the statute measures "from the commencement of service under it," Cal. Lab. Code § 2855(a), run from the new contract. That is a novation theory, and whether a novation occurred is a question of fact.

Novation "is the substitution of a new obligation for an existing one," Cal. Civ. Code § 1530, made "with intent to extinguish the old obligation," *id.* § 1531, and "subject to all the rules concerning contracts in general," *id.* § 1532. "[T]he question whether a novation has taken place is always one of intention," and upon a novation "the rights and duties of the parties must be governed by the new agreement alone." *Alexander v. Angel*, 37 Cal. 2d 856, 860, 862 (1951). Applying California law, the Ninth Circuit has explained that a novation "wholly extinguishes the earlier contract," that "[d]etermining the parties' intent is a highly fact-specific inquiry," and that "[s]uch inquiries are not generally suitable for disposition on summary judgment." *Fanucchi & Limi Farms v. United Agri Prods.*, 414 F.3d 1075, 1081-82 (9th Cir. 2005). "Courts examining a novation claim . . . first look to the agreements themselves, and, specifically, the substance of the change or changes between the old and new agreements," and "may also take into consideration the conduct of the parties." (*Id.*). What cannot be decided on summary judgment cannot be decided on the pleadings against the party whose allegations are taken as true.

The undisputed features of the instruments supply the substance of the change. The 2022 Settlement recites that the term of the 2018 Agreement "is hereby terminated" and that "each Party shall be deemed to have fulfilled all obligations" under it, and it provides a $1,800,000 Settlement Sum, mutual general releases, a Civil Code § 1542 waiver, and a recital of voluntariness and independent counsel. 2022 Settlement ¶ 1(a); Order at 5 & n.6. The 2021 Agreement is between different contracting parties, carries a $300,000 signing bonus, and contains a complete integration clause. [Order at 4 & n.5]. Those are the terms from which a factfinder decides whether the parties intended to extinguish the old obligation and substitute a new one. The Motion's response that a "novation is only a private substituted contract" that cannot waive a public right, [Mot. at 20], answers an

SINGH, SINGH & TRAUBEN, LLP

argument Rancho does not make. Rancho's point is that the limit runs from "the commencement of service under" the contract being enforced, § 2855(a), and which contract that is depends on whether a novation occurred.

The same intent question is the one *Manchester* frames and the one the Court has already identified. *Manchester* directs a court "to consider the circumstances surrounding the formation of the new contract in each situation," to ask whether the contracts "appear to have been entered into to avoid the application of § 2855," and to recognize that "[e]ach employment situation will necessarily be interpreted according to its unique facts." *Manchester v. Arista Records, Inc.*, No. CV 81-2134-RJK, 1981 U.S. Dist. LEXIS 18642, at *18-20 (C.D. Cal. Sept. 15, 1981) (quoted at Order at 8-9). The Fuerza Parties' answer is that *de la Hoya*, an unpublished order decided on partial summary judgment, supplies a rule under which intent is irrelevant. Even *de la Hoya* did not decide the question on the face of the instruments: its "continuous, uninterrupted" finding rested on later bout agreements, a sworn declaration, and the promoter's representations to other courts, which it treated as "non-binding evidentiary admissions." 2001 WL 34624886, at *12. Even the *de la Hoya* rule is disjunctive: it denies a new period only where the later agreement provides neither "a period of freedom" nor "otherwise reliev[es] the talent of its existing obligations." (*Id.*). Whether a settlement that terminated the 2018 Agreement, deemed its obligations fulfilled, and released the parties "relieved" the Artists of those obligations is the question the Answer pleads and the Motion never addresses. The Court has declined to choose between the frameworks, and on this Motion every inference about intent runs in Rancho's favor.

## VII. NO PUBLISHED CALIFORNIA DECISION REQUIRES AGGREGATION

The Motion's alternative premise is that "binding" California authority requires aggregation, so that the *Erie* prediction "points one way." [Mot. at 16-17]. No published California decision holds that successive, separately negotiated personal-service agreements aggregate toward the seven-year limit. The Court found none in July. Order at 7 & n.8. The Motion cites none now.

*De Haviland* is a single-contract case. The contract "was executed April 14, 1936, for a term of fifty-two weeks and gave the employer the right to extend the term for any or all of six successive periods of fifty-two weeks each." 67 Cal.App.2d at 228. Services under that contract commenced May 5, 1936. (*Id.*). The producer then suspended her for refused roles and for illness, totaling about twenty-five weeks, and extended the same contract by those periods. (*Id.* at 228-29). "The sole question is whether the provisions for suspension, and for extension of the term of the agreement, were lawful and effective insofar as they purported to bind plaintiff beyond seven years from the date her services were commenced." (*Id.* at 229). The court held those extensions "ineffective to bind her beyond May 5, 1943, seven years after her services commenced." (*Id.* at 234). That is a holding about one contract and one commencement date. It is not a holding that a later, separately negotiated agreement that terminates an earlier one cannot commence a new period of service. The California Supreme Court read *De Haviland* as a limit on the term of a single employment contract in *Warner Bros. Pictures, Inc. v. Brodel*, 31 Cal. 2d 766, 769-70, 776 (1948): "There is thus a seven-year limit on the period for which an actor can be bound by a contract of employment." Neither case addresses whether a later, separately negotiated contract that terminates an earlier one commences a new period of service.

*Foxx v. Williams*, 244 Cal. App. 2d 223 (1966), did not aggregate either. *Foxx* involved three successive contracts, and the court measured the seven years from the last of them, striking the trial court's extension of that contract's own term. *Id.* at 239, 243. Its reference to a relationship "since January 1956" appears in the analysis of whether Foxx was an employee, *id.* at 241-42, not in the seven-year computation. *Motown Record Corp. v. Brockert*, 160 Cal. App. 3d 123 (1984), which the Motion describes as anchoring existing law "aggregating successive contracts toward the seven-year limit," Mot. at 12, does not mention section 2855; it construes the minimum-compensation requirement for injunctive relief under Civil Code § 3423. 160 Cal.App.3d at 134, 140. *Autry v. Republic Prods., Inc.*, 30 Cal. 2d 144, 148 (1947), expressly excluded section 2855 from its judgment.

What remains are three unpublished trial-court orders: *de la Hoya* and *Manchester* from this district, and *Netflix* from the Los Angeles Superior Court. The *Erie* prediction the Motion demands is a prediction from silence. A federal court's duty "is to ascertain and apply the existing California law, not to predict that California may change its law and then to apply the federal court's notion of what that change might or ought to be." *Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 (9th Cir. 1974). The aggregation rule the Motion urges is an addition no California court has made. The Motion's policy argument, Mot. at 17, assumes its conclusion: whether a new contract commenced a new period of service is the question, and the published cases have not answered it.

## VIII. SECTION 2855(b)(1) BARS THE RETROACTIVE DECLARATION THE MOTION SEEKS

Even on the Fuerza Parties' own theory, the declaration they seek is unavailable. Subdivision (b) of section 2855 opens "[n]otwithstanding subdivision (a)" and provides that an employee party to a phonorecord contract "may not invoke the provisions of subdivision (a) without first giving written notice to the employer in accordance with Section 1020 of the *Code of Civil Procedure*, specifying that the employee from and after a future date certain specified in the notice will no longer render service under the contract by reason of subdivision (a)." Cal. Lab. Code § 2855(b)(1). For phonorecord contracts, subdivision (b) displaces the unconditional operation of subdivision (a) and supplies the mechanism by which the limit is invoked. The date must be "future," it must be a "date certain," and release from service runs "from and after" it.

The Artists gave notice dated March 5, 2026, specifying March 9, 2026. [Mot. at 19; Answer, Thirtieth Affirmative Defense]. The Motion nonetheless asks for a declaration that the Artists' obligations are "void and unenforceable beyond February 1, 2025," Mot. at 24, thirteen months before the notice issued. A date thirteen months in the past is not "a future date certain specified in the notice." Subdivision (b)(3) confirms the structure: damages for undelivered phonorecords run "prior to the date specified in the notice," in an action "commenced within 45 days after the date specified in the notice." § 2855(b)(3). A

declaration that the obligations expired on February 1, 2025 would extinguish that remedy before it could accrue, the opposite of what subdivision (b) was enacted to provide.

The Motion's reply, that subdivision (b)(1) "governs the timing of the artist's departure, not the date on which the seven-year cap attaches," Mot. at 20, does not account for the words "may not invoke." A declaratory judgment that the cap operated as of February 1, 2025 would be an invocation of subdivision (a) as of a date the notice could not lawfully specify. The fallback request for a declaration as of March 9, 2026, Mot. at 20, 24, still requires deciding whether the seven years run from February 2, 2018 or from the 2021 Agreement.

## IX. THE LEGISLATIVE HISTORY CANNOT BEAR THE WEIGHT THE MOTION PLACES ON IT

The Motion's reading of section 2855 rests on the history of Senate Bill 469 (1985-1986 Reg. Sess.), which was amended to delete a "new contract" provision and then vetoed, and Senate Bill 1049 (1987-1988 Reg. Sess.), enacted as chapter 591 of the Statutes of 1987 without such a provision. [Mot. at 12-14; ECF 62 at 6-7; Rancho RJN Exs. A-C]. That history cannot carry the Motion.

First, the enacted statute forbids the inference. Section 2 of chapter 591 provides: "The Legislature does not intend that the provisions of this act support any inference about the meaning of Section 2855 of the Labor Code prior to the operative date of this act or with respect to any industry other than the phonorecord industry." Stats. 1987, ch. 591, § 2; Rancho RJN Ex. A at 1912. Unlike a committee analysis, section 2 is enacted law. The Fuerza Parties' argument concerns what section 2855 meant before 1987, drawn from the process that produced chapter 591. That is the inference section 2 forecloses. The Motion's answer that the committee analyses are "black-and-white statements" of existing law, Mot. at 13, rests on staff descriptions that in turn rested on *Motown*, which does not mention section 2855.

Second, the rejected-provision canon does not reach a vetoed bill. The canon the Motion invokes concerns "[t]he rejection by the Legislature of a specific provision

contained in an act as originally introduced." *Rich v. State Bd. of Optometry*, 235 Cal. App. 2d 591, 607 (1965); *see People v. Soto*, 51 Cal. 4th 229, 245 (2011) (provision deleted from a bill that was enacted). SB 469 never became an act. It was vetoed on September 30, 1986, and died on file. [Rancho RJN Ex. B at 353; ECF 62 at 6]. The Legislature that enacted chapter 591 is the body whose intent governs, and it wrote section 2. *See Silverbrand v. Cnty. of Los Angeles*, 46 Cal. 4th 106, 126 (2009) (no inference from omitted language the drafting body never "considered, let alone specifically rejected").

Third, inferences from unpassed bills and deleted language are speculative as a matter of law. "Unpassed bills, as evidences of legislative intent, have little value." *Granberry v. Islay Invs.*, 9 Cal. 4th 738, 746 (1995) (rejecting argument that language deleted from a bill before enactment established legislative intent). "It is precisely because there is no way of knowing which if any inference is correct that 'Unpassed bills . . . have little value.'" *Grupe Dev. Co. v. Superior Court*, 4 Cal. 4th 911, 923 (1993). The deleted SB 469 language would have restarted the clock for any agreement that "supersedes, amends, modifies, extends, or supplements" an existing contract. [ECF 62 at 6]. Its deletion is consistent with a judgment that a categorical always-restart rule went too far, and equally consistent with leaving the question to the courts. Under *Grupe*, where the reason for a deletion cannot be known, the inference is not one a court may draw.

Exhibit H, the Legislative Counsel's January 29, 1987 letter to Senator Dills, adds nothing. "[T]he statements of an individual legislator, including the author of a bill, are generally not considered in construing a statute," *Quintano v. Mercury Cas. Co.*, 11 Cal. 4th 1049, 1062 (1995), and a Legislative Counsel opinion "is only as persuasive as its reasoning," *Grupe*, 4 Cal. 4th at 922. The letter's reasoning is the *Rich* canon, which does not reach a vetoed bill. Rancho's objections to the scope of the request for judicial notice are filed concurrently.

## X. FRC IS NOT "THE EMPLOYEE"

Section 2855(a) bars enforcement "against the employee," and subdivision (b)(1) speaks of "[a]ny employee who is a party to a contract to render personal service." A

furnishing corporation renders no personal service, and the Motion concedes that FRC "seeks relief only as to the provisions binding it as the furnishing entity." Mot. at 10. FRC is not "the employee" and cannot invoke in its own right a statute written for one. Answer, Seventh Affirmative Defense. No judgment could enter in FRC's favor on the pleadings.

## XI. THE ALTERNATIVE REQUEST FOR CERTIFICATION UNDER SECTION 1292(b) SHOULD BE DENIED

Section 1292(b) permits certification only where an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Its requirements "are jurisdictional," "the party pursuing the interlocutory appeal bears the burden of so demonstrating," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010), and the statute "is to be applied sparingly and only in exceptional cases," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). The request also asks the Court to certify a question of the Fuerza Parties' own drafting in an order that does not yet exist. See *Couch*, 611 F.3d at 633 (court must "expressly find in writing that all three section 1292(b) requirements are met"); Fed. R. App. P. 5(a)(3).

### A. The Question Is Not a Pure Question of Law

A "question of law" under section 1292(b) is "an abstract legal issue," one "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000). "The term 'question of law' does not mean the application of settled law to fact," and "[t]he antithesis of a proper section 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258-59 (11th Cir. 2004).

The Fuerza Parties' own question fails that test. They ask the Court to certify "whether, under § 2855, successive personal-services agreements executed without any interval of freedom are aggregated (*de la Hoya*) or may instead restart the seven-year period based on the circumstances of their formation (*Manchester*)." [Mot. at 22]. Whether the

agreements were "executed without any interval of freedom" is the fact Rancho denies. Answer ¶¶ 29-32. "[T]he circumstances of their formation" are the facts the Court has said it does not have, Order at 9, and the facts the Fuerza Parties told the Court they were entitled to discover. [Tr. 21:19-21]. A question whose answer depends on discovery that has not occurred is not one the Ninth Circuit can decide "without having to study the record," because there is no record to study. Absent "extraordinary circumstances," "it is generally inappropriate to review legal issues entwined with factual considerations raised for the first time on a motion for interlocutory appeal." *M.G. v. Metro. Interpreters & Translators, Inc.*, 85 F. Supp. 3d 1195, 1200 (S.D. Cal. 2015).

**B. There Is No Substantial Ground for Difference of Opinion on a Question the Court Has Not Decided**

"[J]ust because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633. "[A] dearth of cases" does not suffice, nor does a question of first impression "standing alone," nor "the presence of a single, non-binding, advisory opinion." (*Id.* at 634). The claimed conflict here is between two unpublished district court orders, neither reviewed on appeal, and an unpublished state trial court order. On the Motion's own account, *de la Hoya* turned on "a continuous, uninterrupted" relationship the parties there "treated as a single package," Mot. at 11, quoting *De La Hoya v. Top Rank, Inc.*, No. CV 00–9230, 2001 WL 34624886, at *12 (C.D. Cal. Feb. 6, 2001), not a settlement that terminated the prior agreement with releases and a new contracting party.

More fundamentally, there is no ruling to review. Section 1292(b) certifies orders, not abstract questions. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Reese allows certification of a novel issue without a developed split, but the court of appeals there reviewed an order that had decided the issue. (*Id.*) This Court has not chosen between the two frameworks, [Order at 7-8], and denial of this Motion on the claimant-movant standard would not require it to choose now. There is therefore no ruling

inside this order for the Ninth Circuit to review. Where the question is difficult rather than the subject of a settled conflict, "the third prong, material advancement of the termination of the litigation, becomes particularly important," *Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 893 (C.D. Cal. 2015).

**C. An Immediate Appeal Would Not Materially Advance Termination of a Case Set for Trial on Every Other Claim**

Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam) (vacating grant of interlocutory appeal that presented "at most, nothing more than an uncertain question of law relevant to only one of several causes of action alleged below"). Courts in this circuit ask whether other claims would require trial regardless, whether trial is imminent, whether it will be lengthy or complex, and how long the case has been pending. *Fenters v. Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010). The first factor is dispositive. The certified question would resolve, at most, one counterclaim. Rancho's claims and the Fuerza Parties' surviving counterclaims, including copyright infringement, breach of contract, breach of fiduciary duty, tortious interference, and accounting, [Order at 9-12], proceed to the November 16, 2027 jury trial regardless. [ECF 64]. An appeal unlikely to conclude before the scheduled trial postpones termination rather than advancing it. *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988). "When litigation will be conducted in substantially the same manner regardless of [the] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002, 1013-14 (N.D. Cal. 2024), quoting *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166, 2010 WL 743750, at *4 (S.D. Cal. Feb. 25, 2010). The Fuerza Parties' proposed order would stay the entire action. [ECF 61-1 at 3].

**D. Asserted Urgency Is Not a Section 1292(b) Element**

The Motion's remaining argument is urgency: that "every month this question remains open inflicts losses that no later money judgment can undo," citing three upcoming

events. [Mot. at 23]. Alleged harm is not a section 1292(b) element, and a court "should remain focused on the statutory requirements, not policy considerations." *Couch*, 611 F.3d at 635. On June 18, 2026 the Fuerza Parties described the same blocked opportunities as "damages that flow from" their Third Cause of Action, [Tr. 4:14-5:1], which the Court dismissed without leave to amend, Order at 10, 13. The urgency showing is that damages claim in a different form. The Fuerza Parties also sought a temporary restraining order in March 2026 on the same asserted harm; the Court denied it, observing that "any emergency is of Fuerza's own making." [ECF 38 at 3].

## XII. CONCLUSION

The Fuerza Parties move for judgment on their own claim. The Answer denies the allegation on which that claim depends and pleads that the 2018 Agreement was extinguished, that a new period of service commenced, and that the March 2026 notice is ineffective. Those denials and defenses control. *Hal Roach*, 896 F.2d at 1550.

They preserved the Second Cause of Action by representing that the inquiry was fact-bound and that discovery was required. The Court accepted that representation. [Order at 8-9]. Seven weeks later, on the same pleadings and the same instruments, they urge the Court to resolve that inquiry as a question of law. The factual record is unaltered. A litigant may not procure an order by representing that a question is fact-bound and then, on an unaltered record, insist that the Court decide it as a matter of law.

The Motion, and the alternative request for certification, should be denied.

**DATED**: September 10, 2026

Respectfully Submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN**

By: *\/s/ Michael A. Trauben*
Michael A. Trauben

***Attorneys for Plaintiff/Counter-Defendant*** RANCHO HUMILDE ENTERTAINMENT, LLC *and* ***Third-Party Defendants*** HUMBLE TALENT AGENCY, INC. and CINQ MUSIC GROUP, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff/Counter-Defendant Rancho Humilde Entertainment, LLC and Third-Party Defendant Humble Talent Agency, Inc., certifies that this brief contains 6,949 words, which complies with the word limit of L.R. 11-6.1.

**DATED**: September 10, 2026

Respectfully Submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN**

By: *_/s/ Michael A. Trauben_*
Michael A. Trauben

***Attorneys for Plaintiff/Counter-Defendant***
RANCHO HUMILDE ENTERTAINMENT, LLC
*and* ***Third-Party Defendants*** HUMBLE TALENT AGENCY, INC. and CINQ MUSIC GROUP, LLC