SINGH, SINGH & TRAUBEN, LLP
THOMAS K. RICHARDS (SBN: 310209)
trichards@singhtraubenlaw.com
MICHAEL A. TRAUBEN (SBN: 277557)
mtrauben@singhtraubenlaw.com
400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212
Tel: 310.856.9705 | Fax: 888.734.3555

***Attorneys for Plaintiff/Counter-Defendant***
RANCHO HUMILDE ENTERTAINMENT, LLC *and*
***Third-Party Defendants*** HUMBLE TALENT AGENCY, INC. and
CINQ MUSIC GROUP, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **2:25-cv-10059 HDV (AJRx)**<br><br>The Honorable Hernán D. Vera<br>Courtroom 5B<br><br>**COUNTER-DEFENDANT RANCHO HUMILDE ENTERTAINMENT, LLC'S OBJECTIONS TO THE FUERZA PARTIES' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 62]**<br><br>[Filed concurrently with Opposition to Motion for Judgment on the Pleadings; Request for Judicial Notice; and [Proposed] Order]<br><br>**Hearing Date:** October 1, 2026<br>**Hearing Time:** 10:00 a.m.<br>**Location:** Courtroom 5B |

FUERZA REGIDA CORP., a California corporation, JESUS ORTIZ PAZ, an individual, SAMUEL JAIMEZ, an individual, KHRYSTIAN RAMOS, an individual, JOSE GARCIA, an individual

Counterclaimants,

v.

RANCHO HUMILDE ENTERTAINMENT, LLC, a California limited liability company, CINQ MUSIC GROUP, LLC, a California limited liability company, HUMBLE TALENT AGENCY, LLC, a California limited liability company, and ROES 1 through 10 inclusive,

Counterclaim Defendants.

Plaintiff/Counter-Defendant Rancho Humilde Entertainment, LLC ("**Rancho**") respectfully submits the following objections to the Request for Judicial Notice filed by Defendants/Counterclaimants Fuerza Regida Corp., Jesus Ortiz Paz, Samuel Jaimez, Khrystian Ramos, and Jose Garcia (collectively, the "**Fuerza Parties**") in support of their Motion for Judgment on the Pleadings ("**RJN**"). [ECF 62].

## I. THE SCOPE OF JUDICIAL NOTICE

A court may notice a fact "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Legislative history "is properly a subject of judicial notice," *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012), and the Ninth Circuit has noticed California legislative history, *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005). Rancho therefore does not object to notice of the existence,

authenticity, and contents of the legislative records attached as Exhibits A through G. The objection is to scope.

Judicial notice of a document is not judicial notice of the truth of what it says or of a party's reading of it. "[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute,'" and it is error to notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). *Lee* held that a court opinion may be noticed "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity," and reversed where the district court had noticed the validity of a disputed waiver recited in that opinion. (*Id.* at 690). "A court must also consider, and identify, which fact or facts it is noticing . . . Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Notice is improper where a document "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id.* at 999-1000 (internal quotation marks omitted). And mandatory notice under Rule 201(c)(2) applies only where "the court is supplied with the necessary information," which includes identification of the specific fact to be noticed.

## II. OBJECTIONS

### A. Exhibits A Through G: Notice Should Be Limited to Existence, Authenticity, and Content

The RJN does not ask the Court merely to notice that Exhibits A through G exist and say what they say. It asks the Court to "establish" three propositions: that "[t]he California Legislature considered and rejected a proposed amendment" that would have permitted successive contracts to restart the seven-year period; that "the Legislature was uniformly informed that existing law treated successive personal-service contracts in the aggregate"; and that the Legislature "thereafter enacted SB 1049 without the clock-restart

provision" in reliance on the Legislative Counsel's advice. RJN at 6-7. Those are characterizations of legislative intent and inferences drawn from the documents, and each is disputed. Rancho disputes, among other things, that a provision deleted from Senate Bill 469, a bill the Governor vetoed and that "[d]ied on file," was "rejected by the Legislature" within the meaning of *Rich v. State Bd. of Optometry*, 235 Cal.App.2d 591, 607 (1965); that committee staff descriptions of "existing law" that rested on *Motown Record Corp. v. Brockert*, 160 Cal.App.3d 123 (1984), a decision that does not mention section 2855, accurately stated the law; and that any inference may be drawn from the 1987 enactment in light of section 2 of chapter 591, which provides that the Legislature "does not intend that the provisions of this act support any inference about the meaning of Section 2855 of the Labor Code prior to the operative date of this act." Stats. 1987, ch. 591, § 2. Those disputes are addressed in the concurrently filed Opposition. For present purposes, it is enough that they are reasonable, which forecloses judicial notice of the propositions themselves. *Lee*, 250 F.3d at 689-90; *Khoja*, 899 F.3d at 999-1000.

Rancho therefore objects to the RJN to the extent it seeks notice of (1) the truth of any statement contained in Exhibits A through G, including any staff description of "existing law"; (2) any characterization of the Legislature's intent, understanding, or reasons for amending or declining to amend section 2855; and (3) the inferences set out at pages 6 through 7 of the RJN. Rancho does not object to notice of the existence and authenticity of Exhibits A through G, the dates and contents of the bill versions and analyses, and the fact that Senate Bill 469 was vetoed, which the RJN itself acknowledges. RJN at 6.

Exhibit A is the August 26, 1986 Assembly-amended print of Senate Bill 469, not a statement of what the bill "officially" was when it left the Legislature. Notice should run to that print, not to the RJN's label.

**B. Exhibit H: The Legislative Counsel's Letter to Senator Dills**

Exhibit H is a January 29, 1987 opinion letter from the Legislative Counsel to a single senator, prepared before Senate Bill 1049 was introduced, responding to that

senator's inquiry. [RJN at 6]. Rancho objects to notice of Exhibit H for any purpose other than its existence, and objects to any use of it as evidence of the intent of the Legislature as a whole. The letter is not an act of the Legislature. It is advice to one senator, written before Senate Bill 1049 was introduced. Cognizable legislative history, "as a general rule," "must shed light on the collegial view of the Legislature as a whole." *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 133 Cal.App.4th 26, 30 (2005). The RJN does not show that Exhibit H was communicated to either house. A Legislative Counsel opinion, moreover, "is only as persuasive as its reasoning." *Grupe Development Co. v. Superior Court*, 4 Cal.4th 911, 922 (1993). Persuasiveness is a question for the Opposition. It is not a fact that can be noticed.

## III. REQUESTED RULING

Rancho respectfully requests that the Court (1) take judicial notice of Exhibits A through G solely for their existence, authenticity, and contents, and not for the truth of any statement within them, not for any characterization of legislative intent, and not for the inferences set out at pages 6 through 7 of the RJN; (2) take judicial notice of Exhibit H, if at all, solely for its existence, and decline to treat it as evidence of the intent of the Legislature as a whole; and (3) decline to treat Exhibit A as the official or final version of Senate Bill 469.

**DATED**: September 10, 2026

Respectfully Submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN**

By: *_/s/ Michael A. Trauben_*
Michael A. Trauben

***Attorneys for Plaintiff/Counter-Defendant*** RANCHO HUMILDE ENTERTAINMENT, LLC *and* ***Third-Party Defendants*** HUMBLE TALENT AGENCY, INC. and CINQ MUSIC GROUP, LLC